JAMES ELVIN OGLE *et al.*, Plaintiffs-Appellants, *v.* LORRAINE FUITEN, Ex'x of the Estate of William E. Fuiten, *et al.*, Defendants-Appellees.

Fourth District   No. 4—82—0486

Opinion filed February 24, 1983.

Duane D. Young, of Costello, Long, Young & Metnick, of Springfield, for appellants.

Gary M. Peplow and David L. Requa, both of Heyl, Royster, Voelker & Allen, of Springfield, for appellees.

JUSTICE MILLS delivered the opinion of the court:

This case alleges legal malpractice.

The complaint was dismissed below.

It should not have been.

We reverse and remand.

Plaintiffs are third-party nonclients who allege they were the intended beneficiaries of wills drafted by attorney William Fuiten. They allege that the wills failed to include a contingency which did occur, and under which the testator desired plaintiffs to be the beneficiaries. The failure of the wills to provide any beneficiaries under the contingency resulted in an intestate devolution.

The motion to dismiss was filed pursuant to sections 45 and 48 of the Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, pars. 45, 48.) It alleged, *inter alia,* that (1) there is no recognized cause of action in Illinois by third-party nonclients against an attorney for allegedly negligent performance of his duty to his clients, and (2) the validity of the wills had previously been litigated and the underlying issues were not now subject to collateral attack. The trial court dismissed the action, citing *Favata v. Rosenberg* (1982), 106 Ill. App. 3d 572, 436 N.E.2d 49, which held that in the absence of a duty to a third-person nonclient, no cause of action based on negligent performance of personal services can exist. We reject both grounds urged in the motion to dismiss.

## I

■ One month after the filing of *Favata,* our supreme court filed its opinion in *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96. In *Pelham,* the court discussed the same cases relied upon in *Favata* and noted that they were premised upon the requirement of privity. After discussing the trend in tort law to abolish the privity requirement, the court stated:

> "[T]o establish a duty owed by the defendant attorney to the nonclient the nonclient must allege and prove that the intent of the client to benefit the nonclient third party was the primary or direct purpose of the transaction or relationship." (92 Ill. 2d 13, 20-21, 440 N.E.2d 96, 99.)

The court then discussed how the scope of the attorney's liability could be limited by analogizing the scope of the duty to the concept of a third-party beneficiary.

In *Pelham,* the plaintiffs were the children of a divorced couple and the defendant was the attorney retained by the mother in the divorce action. The divorce decree ordered the husband to maintain his children as beneficiaries of life insurance policies. The husband did not comply, and the children claimed that defendant breached his duty by failing to notify various parties of the circumstances. The court found that no cause of action for breach of contract was stated under a third-party beneficiary theory of recovery since it failed to allege—legally or factually—that a contract was entered into for the direct benefit of the plaintiffs. Furthermore, no cause of action in negligence was stated since the attorney had no duty to a divorced client's children under the circumstances. It then reiterated that to establish the duty, the plaintiffs must plead and prove that the relationship between the attorney and his client was entered into for the primary and direct benefit of the plaintiff, plus other traditional elements of negligence.

Defendants characterize the *Pelham* language as *dictum* and argue that without a holding creating this cause of action, *Favata* must control. We believe the relevant language may be construed as *dictum* since it was not supported by the force of an adjudicated valid cause of action. Nonetheless, we cannot ignore the clearly expressed opinion that a properly pleaded complaint would state a cause of action.

## II

■ Defendants have also argued other bases for dismissal stated in their motion to dismiss. They assert that a will cannot be collaterally attacked following a judicial determination of its validity. It is ar-

gued that plaintiffs' cause of action is the equivalent of an attack upon the validity of the will itself; that validity was previously determined by the admission of the wills to probate with a will contest and the final adjudication of the will construction suits herein in which this court declined to create a gift by implication (*In re Estate of Smith* (1979), 68 Ill. App. 3d 30, 385 N.E.2d 363); and that the action must therefore be dismissed.

While the cases relied upon by defendants support their basic legal proposition (see *Allwood v. Cahill* (1943), 382 Ill. 511, 47 N.E.2d 698; *Dickman v. Frieling* (1946), 395 Ill. 383, 70 N.E.2d 61), they also clearly involve, or refer to, an attack on the validity of the wills which is not present here. The challenge here is whether defendants are responsible for *negligently* drafting the wills. The provisions of the wills themselves, as effectuated, and the probate administration would remain unaffected.

It is further argued that the underlying issues of the testators' intents were previously determined by admission of the wills to probate without a will contest and the previous will construction suits. If there is no will contest providing evidence to the contrary, the law will presume that the testator executed his will with knowledge of its contents. (*Barber v. Barber* (1936), 362 Ill. 634, 1 N.E.2d 44.) In the will construction suits, this court found that the text of the wills did not reveal that the testators intended the estate should go to these plaintiffs under the contingency which occurred. Rather, the wills simply failed to provide for the contingency. (*In re Estate of Smith.*) Although it is not specifically asserted, it appears defendants' argument is that plaintiffs are collaterally estopped from again litigating the issue of the testators' intent.

Collateral estoppel allows a party to prevent relitigation of a fact or question which was actually fully litigated in a prior action, which was necessary to the determination of that action, and upon which a final judgment was rendered. (*Gay v. Open Kitchens, Inc.* (1981), 100 Ill. App. 3d 968, 427 N.E.2d 338.) The fact that defendants were not parties in the previous will construction suits or probate actions does not bar application of estoppel since mutuality of parties is no longer a prerequisite in Illinois. *Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 398 N.E.2d 9.

■ Collateral estoppel does not present a bar in this case. First, there was no opportunity in the will construction suit for full and fair litigation of the testators' intents. Unless a will is ambiguous, a court in a will construction suit will not consider extrinsic evidence in ascertaining intent. (*Griffin v. Gould* (1982), 104 Ill. App. 3d 397, 432

N.E.2d 1031.) The will construction suits did not involve extrinsic evidence which would be relevant in this case.

We said in our opinion in *In re Estate of Smith* that even considering extrinsic facts well pleaded, no gift by implication to plaintiffs here was established. But that does not mean that extrinsic evidence was considered in that will construction case. On the contrary, our statement highlights the second reason why collateral estoppel does not apply in this case. In order to establish a gift by implication (which was what was attempted in the will construction suits), the will itself must manifest such an intent *beyond a reasonable doubt. (Bradshaw v. Lewis* (1973), 54 Ill. 2d 304, 296 N.E.2d 747; *In re Estate of Blansett* (1975), 28 Ill. App. 3d 552, 328 N.E.2d 593.) The standard of proof here is only a preponderance of the evidence. This alone is enough to preclude application of the doctrine of collateral estoppel. See *Shallow v. Police Board* (1981), 95 Ill. App. 3d 901, 420 N.E.2d 618.

With regard to the presumption that a testator executes his will with knowledge of its contents, we do not believe that this is the same as concluding a testator knows whether his will will operate to effectuate his intentions. Furthermore, there being no will contest concerning these wills, this factual question, although presumed, was not litigated. Collateral estoppel differs from *res judicata* in that estoppel applies only to questions actually litigated, not all questions which might have been litigated in the previous action. (*Gay.*) In sum, we conclude that the exact question presented here was not fully litigated in the previous proceeding and collateral estoppel cannot be applied.

## III

■ ■ Having concluded that a properly pleaded complaint can stand, we now must determine if the necessary allegations are present. The complaint here attempts to state a cause of action under both a third-party beneficiary/breach of contract theory and a tort negligence theory. The elements of a third-party beneficiary theory are a contract for the benefit of a third party, breach of that contract, and consequent damage. The elements of the tort of negligence are a duty, breach of that duty, proximate cause, and compensable injury. (*Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 433 N.E.2d 1350.) Under *Pelham,* a proper allegation of duty necessary to sustain a nonclient's action against an attorney for malpractice requires an allegation that the intent of the client to benefit the nonclient-third party was the primary

or direct purpose of the transaction or relationship.

Count I essentially alleges: (1) Testators employed defendant Fuiten and the law firm of Heckenkamp and Fuiten to prepare wills in accordance with the testators' intentions; (2) the wills were prepared; (3) neither testator intended their property to devolve by the law of intestate succession; (4) it was their intention that their property be left to plaintiffs if neither testator survived the other by 30 days; (5) this contingency occurred; (6) Fuiten owed plaintiffs the duty of ascertaining the testators' intentions in all foreseeable events and to draft wills which would effectuate these intentions; (7) Fuiten breached this duty and negligently drafted the subject wills; and (8) plaintiffs suffered damage as a direct result of this breach.

Count II essentially alleges the first five allegations noted above and additionally alleges: (6) the purpose of the employment of Fuiten and the firm was to draft wills not only for the benefit of testators, but for the benefit of these plaintiffs; (7) Fuiten and the firm were paid the agreed consideration under the employment agreement; (8) Fuiten and the firm knew plaintiffs were intended beneficiaries of the wills and the employment agreement; (9) Fuiten and the firm had agreed to draft wills leaving the property to plaintiffs in the event neither testator survived the other by 30 days; (10) Fuiten breached this agreement in that the wills failed to fulfill the testators' intentions; and (11) plaintiffs suffered foreseeable, direct damage as a consequence of this breach.

We believe the allegations of count I sufficiently state the traditional elements of negligence in tort and count II sufficiently states the traditional elements of a third-party beneficiary/breach of contract theory.

Count I additionally establishes defendants' duty to plaintiffs by the allegation that the testators intended their property be left to plaintiffs if neither testator survived the other by 30 days. In *Lucas v. Hamm* (1961), 56 Cal. 2d 583, 590, 364 P.2d 685, 689, 15 Cal. Rptr. 821, 825, the California Supreme Court noted:

> "[T]he main purpose of the testator in making his agreement with the attorney is to benefit the persons named in his will and this intent can be effectuated, in the event of a breach by the attorney, only by giving the beneficiaries a right of action ***."

Count II contains the same allegation, in addition to alleging that the purpose of the employment agreement was not only for the benefit of the testators, but for the benefit of plaintiffs. Therefore, we conclude, a valid cause of action was stated.

Defendants have requested that other pleading defects alleged in the motion to dismiss, but not ruled upon, be preserved upon remand. To the extent this opinion does not resolve any issues raised by the motion to dismiss, those issues are neither determined nor waived.

For the foregoing reasons, the judgment of the trial court dismissing the cause of action is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WEBBER, P.J., and GREEN, J., concur.