OAKLEY EUGENE NEAL, Ex'r of the Estate of Anna Neal, Deceased, Plaintiff-Appellant, v. JOHN J. BAKER, JR., Defendant-Appellee.

Fifth District No. 5—88—0375

Opinion filed February 21, 1990.

Darrell F. Parish and Linda M. Castleman, both of Owen, Roberts, Parish, Castleman & Owen, Ltd., of Decatur, for appellant.

Patrick J. Cadigan and Deborah L. Rose, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Springfield, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Hazel York departed this life June 11, 1982, leaving a will which was admitted to probate in Shelby County, Illinois. Under the will, the First Trust Bank of Shelbyville was named executor. Anna Neal was named as sole income beneficiary for life; upon her death the remainder was to be distributed among several beneficiaries.

On June 5, 1987, Anna Neal, now deceased, filed a complaint in circuit court against John Baker, Jr., the attorney hired by First Trust Bank to serve as attorney in administering the estate. Anna Neal alleged in her complaint that John Baker, Jr., had a duty to exercise a reasonable degree of skill in giving legal advice to First Trust Bank and performing services for it. Plaintiff alleged that this duty ran to her as a beneficiary of the estate. The complaint cited allegations of negligence by John Baker, Jr., as to his: (1) failure to make timely payments of Illinois inheritance taxes; (2) failure to take advantage of various tax benefits; (3) forcing Anna Neal to contest his position that she, rather than the residuary estate, should pay the inheritance tax; and (4) failure to diligently defend the will in a contest filed against the estate. Plaintiff alleged in the complaint that as a proximate result of one or more of the negligent acts, she suffered monetary loss.

Defendant's motion to dismiss was allowed, and plaintiff was given leave to file amended complaints. Plaintiff filed first and second amended complaints. The second amended complaint, which is the subject of this appeal, essentially alleges: (1) pursuant to Hazel York's will, plaintiff was to receive all of the income from the estate for her lifetime; (2) First Trust Bank was appointed executor; (3) First Trust Bank, as executor, has a fiduciary relationship with the plaintiff as a beneficiary of the estate; (4) the defendant John Baker, Jr., is a lawyer who was employed by First Trust Bank to serve as its attorney to administer the estate; (5) defendant's employment by First Trust Bank was intended by the parties to be for the benefit of the plaintiff and the other beneficiaries; (6) defendant was negligent in carrying out his duties in administering the estate; and (7) as a proximate result of defendant's negligence plaintiff suffered loss. The references of negligent conduct cited in plaintiff's initial complaint were included in this second amended complaint.

Defendant filed his motion to dismiss plaintiff's second amended complaint. The court entered its order, finding that no cause of

action may lie for an alleged third-party beneficiary absent an allegation that the principal attorney-client contract was entered into with the express or specific intent that it directly benefit the alleged third-party beneficiary. The court thereupon granted defendant's motion to dismiss the second amended complaint and dismissed with prejudice plaintiff's cause of action. Plaintiff appeals.

The issue presented for our review is whether under the facts presented an attorney for the executor of an estate owes a duty to the beneficiaries of the estate, and if so, whether plaintiff's complaint stated a cause of action based on that duty. We find that plaintiff's complaint failed to state a cause of action because we do not find under the facts of this case that a duty existed on behalf of the attorney for the estate as to the plaintiff.

 It is well recognized that a fiduciary relationship exists between an attorney and a client, and the attorney owes the client the utmost fidelity, honesty and good faith. (*Christison v. Jones* (1980), 83 Ill. App. 3d 334, 405 N.E.2d 8.) An attorney owes a duty to a nonclient only in the most limited circumstances. (*Gold v. Vasileff* (1987), 160 Ill. App. 3d 125, 513 N.E.2d 446.) In *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96, the supreme court established the standard for pleading the liability of attorneys to nonclients in legal malpractice actions. The court extended the traditional concept of attorney liability to include third parties who were "intended beneficiaries of the relationship between the client and the attorney." (*Pelham*, 92 Ill. 2d at 20, 440 N.E.2d at 99.) A nonclient must prove that the primary purpose and intent of the attorney-client relationship is to benefit or influence the third party. (*Pelham*, 92 Ill. 2d at 21, 440 N.E.2d at 100.) Finally, the court held that where the attorney-client relationship is involved in an adversarial proceeding, there must be a "clear indication that the attorney's representation is intended to directly confer a benefit upon the third party." *Pelham*, 92 Ill. 2d at 23, 440 N.E.2d at 100.

 In this case plaintiff in her second amended complaint alleged that she was an intended beneficiary of the attorney-client relationship between First Trust Bank and John Baker, Jr. Plaintiff argues that by virtue of her complaint containing an allegation of "intent," her cause of action should not have been stricken. Plaintiff relies on *Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 360-61, 466 N.E.2d 224, 226, in arguing that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiff to recover. Our supreme court has said: "A complaint for negligence, to be legally sufficient, must set

out facts that establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach". (*Teter v. Clemens* (1986), 112 Ill. 2d 252, 256, 492 N.E.2d 1340, 1342.) We disagree with plaintiff's assertion that she has sufficiently alleged a cause of action.

Applying *Pelham's intent to directly benefit* test to the facts alleged in the amended complaint, it is clear that Anna Neal was not a direct third-party beneficiary. The primary purpose of the attorney-client relationship between First Trust Bank and defendant was to assist First Trust Bank in the proper administration of its duties. (See *Makela v. Roach* (1986), 142 Ill. App. 3d 827, 830, 492 N.E.2d 191, 194.) It is obvious that defendant could not have been hired with the intent to directly benefit Anna Neal when the adversarial nature of the relationship between Anna Neal and the attorney becomes evident. In this case, for example, Anna Neal contested the defendant's position that she should pay the inheritance tax as opposed to the estate. In such a situation, which is not uncommon in administering estates, the beneficiary becomes the opposing party in an adversarial forum. See *Pelham*, 92 Ill. 2d at 22, 440 N.E.2d at 100.

■ Plaintiff is correct that under *Ogle v. Fuiten*, 102 Ill. 2d 356, 466 N.E.2d 224, an attorney may owe a duty of due care to the intended beneficiaries under a will drawn by him. However, *Ogle* does not *mandate* that the drafters of a will owe fiduciary duties to intended beneficiaries of a will. In the recent supreme court opinion, *McLane v. Russell* (1989), 131 Ill. 2d 509, 546 N.E.2d 499, the court applied the *intent to directly benefit* standard of *Pelham* and concluded that the plaintiffs could maintain a legal malpractice claim against the defendant-attorney. The court reasoned that not only were the plaintiffs intended third-party beneficiaries of the contract for professional services between the defendant-attorney and his client, the testatrix, but the primary purpose of the transaction between the testatrix and the attorney when the attorney drafted her will was to confer a benefit upon the plaintiffs. *McLane* does not mandate that the drafters of a will owe fiduciary duties to intended beneficiaries of a will in all cases.

■ Plaintiff's mere assertion that the attorney was hired with the intent to directly benefit plaintiff is not sufficient to state a cause of action. The *intent* plaintiff referred to in her complaint was nothing more than the general intent implicit in an executor hiring

an attorney to assist in administering an estate. We hold no duty extends to a beneficiary under these circumstances.

Affirmed.

LEWIS, P.J., and HARRISON, J., concur.