MARY RUTKOSKI, as Ex'r for the Estate of Charles Rutkoski, Plaintiff-Appellant, v. RICHARD A. HOLLIS, Defendant-Appellee.

Fourth District   No. 4—91—0798

Opinion filed September 30, 1992.

COOK, J., dissenting.

Hasselberg & Rock, of Peoria, for appellant.

Bruce D. Locher, of Springfield, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Mary Rutkoski, filed a one-count amended legal malpractice complaint in the Sangamon County circuit court against defendant, attorney Richard Hollis, on behalf of her deceased husband's estate. She appeals from the trial court's dismissal of her complaint. The complaint alleged her husband, Charles Rutkoski, received deficient advice regarding his role as executor of the estate of his brother, Alexander Rutkoski. The trial court concluded the complaint failed to state a cause of action because Illinois law precludes recovery for economic losses in legal malpractice cases where the claim is based on negligence. Plaintiff argues her amended complaint adequately alleged decedent was owed an extracontractual duty by defendant, thereby allowing her to recover damages in tort. She also contends her complaint stated a third-party beneficiary breach of contract cause of action. We disagree and affirm.

## I. FACTS

### A. *Plaintiff's Complaint*

Charles sought legal advice from defendant in connection with Charles' role as executor of Alexander's estate. Charles later died and plaintiff was appointed executor of his estate. Plaintiff's July 1989 complaint alleged defendant committed legal malpractice by failing to advise Charles regarding his role as executor of Alexander's estate. Charles was also a beneficiary of the estate.

Before Alexander died, they owned farmland in a closely held corporation named Rutkoski Brothers, Inc. When Alexander died, Charles and his heirs intended to continue to farm the property owned by the corporation. The complaint alleged that all conditions of the special-use valuation for Federal and State tax laws were met when Alexander died and these conditions have continually been met.

Plaintiff alleged that defendant, as an attorney, breached his duty by negligently and carelessly failing to make an election under the special-use valuation provisions of the Federal and State tax laws, specifically, but not limited to, elections pursuant to section 2032(a) of the Internal Revenue Code of 1939 (26 U.S.C. §2032(a) (1988)). This negligence resulted in the estate paying excessive estate taxes in the amount of $250,000, which reduced Charles' share of the estate proceeds. Plaintiff sought damages in excess of $15,000 plus costs.

Defendant sought an involuntary dismissal of the complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). In April 1990, the trial court granted the dismissal because, in pertinent part, the complaint failed to set forth facts establishing a duty owed to Charles by defendant and breach of that duty.

### B. *Plaintiff's Amended Complaint*

In May 1990, plaintiff filed a one-count amended complaint. The complaint alleged an attorney-client relationship existed between defendant and Charles, the executor of Alexander's estate, and that defendant undertook the duty to act as the attorney of the estate and prepared documents for the estate. The complaint also stated in relevant part:

> "6. Charles Rutkoski was a direct beneficiary of the Will of Alexander Rutkoski.
>
> * * *
>
> 13. In performance of the legal services to Charles ***

[defendant] breached his duty in that he negligently and carelessly failed to make an election under the special use valuation provisions of the federal and state tax laws, specifically, but not limited to, elections pursuant to Section 2032(a) of the Internal Revenue Code.

\*\*\*

15. As a direct and proximate result of the negligent and careless acts of the Defendant, Charles Rutkoski suffered damage for the reason that his share, as a beneficiary of the estate, was reduced as a result of the payment of excessive estate taxes.

\*\*\*

17. Charles Rutkoski during his lifetime was not familiar with the provisions of the Internal Revenue Code.

18. During his lifetime, Charles Rutkoski did not receive any legal advice regarding various tax elections that could have been made at the time of Alexander Rutkoski's death."

Plaintiff again sought damages in excess of $15,000 plus costs. In July 1991, defendant filed a motion to dismiss (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). He argued plaintiff's complaint failed to state a cause of action because the claim was based on negligence and she sought only economic damages. Defendant contended purely economic damages cannot be recovered from an attorney under a tort theory of negligence. Plaintiff responded she was not seeking economic loss damages. Rather, she sought damages for an intended beneficiary of the contract between Charles and defendant. She argued the Illinois Supreme Court authorizes actions where there was an extracontractual duty to the persons whom the client intended to benefit from the agreement between the parties.

In September 1991, the trial court dismissed this complaint for failure to state a cause of action. The trial judge relied on this court's ruling in Collins v. Reynard (1990), 195 Ill. App. 3d 1067, 553 N.E.2d 69, reh'g allowed (1992), 154 Ill. 2d 48, that Illinois law precludes recovery of economic losses in tort cases, including legal malpractice, which are based on claims of negligence.

Defendant contends dismissal of plaintiff's amended complaint was proper because it alleged only economic damages and did not allege (1) the primary purpose of the attorney-client relationship between Charles, as executor, and defendant, as attorney, was for Charles' benefit as a beneficiary of Alexander's estate; or that (2) a duty owed to a nonclient was breached and was the proximate cause of plaintiff's loss.

## II. Negligence-Based Claim Fails

■ A proper complaint for legal malpractice under a tort theory of negligence must allege (1) the existence of an attorney-client relationship; (2) a duty arising from that relationship, and in the case of a nonclient, that the relationship between the attorney and client was primarily or directly to benefit the nonclient; (3) a breach of that duty by defendant counsel; (4) proximate cause; and (5) damages. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 18, 440 N.E.2d 96, 98; *McLane v. Russell* (1989), 131 Ill. 2d 509, 514-15, 546 N.E.2d 499, 501-02.) Plaintiff contends her complaint adequately alleged a negligence claim against defendant based on defendant's duties to Charles as a beneficiary of Alexander's estate.

The deficiency in plaintiff's pleadings lies in her failure to allege that the relationship between Charles and defendant was primarily for the benefit of Charles as a beneficiary of the estate.

### A. *Points Adequately Pleaded*

Contrary to defendant's contentions, plaintiff's amended complaint adequately addressed the additional factors. It sufficiently established the existence of an attorney-client relationship. It also adequately alleged a duty on the part of defendant and breach of duty causing damages.

Defendant argues that plaintiff's amended complaint does not allege defendant breached his duty by failing to advise Charles about tax elections. Paragraph No. 18 states Charles did not receive any legal advice about these tax elections. Although this does not specifically allege defendant's failure to advise, it adequately informed defendant that plaintiff alleged he did not do so. *Mid-America Fire & Marine Insurance Co. v. Middleton* (1984), 127 Ill. App. 3d 887, 892, 468 N.E.2d 1335, 1338.

Plaintiff's pleading adequately alleged defendant breached his duty to Charles as executor by failing to advise him about taxes. This allegation does not, however, address a duty owed Charles as a third-party beneficiary of the estate.

Defendant also argues plaintiff cannot maintain an action against him when Charles suffered no monetary damages due to defendant's actions. He cites *Jackson Jordan, Inc. v. Leydig, Voit & Mayer* (1990), 199 Ill. App. 3d 728, 733, 557 N.E.2d 525, 528, as support. Plaintiff correctly notes *Jackson Jordan, Inc.*, involved an action by a corporate client against its attorney and did not involve the issue of

an attorney's extracontractual duty to a nonclient. *Jackson Jordan, Inc.*, 199 Ill. App. 3d at 730, 557 N.E.2d at 526.

■ A nonclient can sufficiently plead a cause of action against an attorney for negligence without having to allege the client suffered monetary damages. (See *McLane*, 131 Ill. 2d at 514-15, 546 N.E.2d at 501-02; *Pelham*, 92 Ill. 2d at 20-21, 440 N.E.2d at 99; *Ogle v. Fuiten* (1983), 112 Ill. App. 3d 1048, 1050, 445 N.E.2d 1344, 1346, *aff'd* (1984), 102 Ill. 2d 356, 466 N.E.2d 224.) Plaintiff adequately alleged damages. However, without more than economic damages, this legal malpractice claim founded in a tort theory of negligence could not survive unless it was alleged that defendant owed Charles an extracontractual duty. Plaintiff failed to include such an allegation.

## B. *Insufficient Complaint*

Plaintiff contends she seeks compensation for damages suffered by Charles in his capacity as a third-party beneficiary of the contract between him and defendant. She indicates Charles suffered no damages as executor of Alexander's estate. The damages for which she seeks compensation were incurred by Charles as beneficiary of Alexander's estate and were caused by excessive or unnecessary estate taxes, which taxes reduced Charles' share of the estate.

■ When a client directly intends to benefit a person, or group of persons, the person or group may maintain an action against an attorney based on negligence although no privity exists between the person or group and the attorney. This remedy is limited to circumstances where the attorney owed some extracontractual duty to the injured party. The nonclient must allege and prove the intent of the client was primarily to benefit the nonclient third party through the attorney's actions. *Pelham*, 92 Ill. 2d at 20, 440 N.E.2d at 99; *McLane*, 131 Ill. 2d at 515, 546 N.E.2d at 502.

Defendant does not challenge this principle. He contends, however, that plaintiff's complaint did not allege facts or law necessary to permit her complaint to proceed. He argues plaintiff's amended complaint did not contain any allegations which support a third-party beneficiary claim. He contends plaintiff's claim incorrectly relies only on her presumption that, since Charles was a beneficiary under Alexander's will, Charles as executor intended to benefit himself as beneficiary when he employed defendant.

Plaintiff responds that defendant cannot in good faith claim he was unaware that Charles, as a beneficiary under the will, expected to benefit from the executor-attorney relationship. Plaintiff cites no

cases wherein an attorney representing an executor of an estate was found to have implied duties to the beneficiaries of the will.

Several sections of the Probate Act of 1975 (Ill. Rev. Stat. 1989, ch. 110½, par. 1—1 *et seq.*) support defendant's argument that his primary duty was to Charles as executor and not to Charles as a beneficiary of Alexander's will. An executor has a duty to defend a proceeding in which another contests the validity of a will. (Ill. Rev. Stat. 1989, ch. 110½, par. 8—1(a).) Any beneficiary could choose to contest a will. Under these circumstances, an attorney retained by the executor owes no duty to the interests of the beneficiaries. (See also Ill. Rev. Stat. 1989, ch. 110½, par. 8—2.) Moreover, any beneficiary could have sought plaintiff's removal as executor. Ill. Rev. Stat. 1989, ch. 110½, par. 23—2.

At oral argument, defendant cited supplemental authority to establish that an attorney representing an executor of an estate cannot also have obligations to the beneficiaries of an estate. In *Neal v. Baker* (1990), 194 Ill. App. 3d 485, 551 N.E.2d 704, the Fifth District Appellate Court concluded that an income beneficiary of a will failed to state a negligence cause of action against the attorney who advised the executor of the estate. The court reasoned the beneficiary could not be viewed as an intended beneficiary of the attorney's advice regarding taxes because of the adversarial role between the executor and the beneficiary. The primary purpose between the executor and the defendant attorney was to assist the executor in properly administering the estate. *Neal*, 194 Ill. App. 3d at 488, 551 N.E.2d at 706.

Plaintiff responds that *Neal* is not dispositive because it did not hold a beneficiary could never establish a specific intent to benefit from the executor-attorney relationship. She also notes defendant raises this argument for the first time on appeal. She relies on *Trent v. Brasch Manufacturing Co.* (1985), 132 Ill. App. 3d 586, 593, 477 N.E.2d 1312, 1317, for her argument that because defendant did not raise this issue of deficiency in her pleadings regarding Charles as a third-party beneficiary of the relationship between defendant and Charles as executor below, she should be permitted to amend her pleadings accordingly.

We note discussion did occur at the trial level regarding Charles as a beneficiary of the estate being a third-party beneficiary of the agreement between defendant and Charles as executor. The record indicates that during the hearing on the motion to dismiss, plaintiff alluded to a potential claim based on the intended-beneficiary theory and defense counsel noted plaintiff's pleadings did not allege the primary, direct purpose of the attorney-client relationship was to Charles.

In addition, in her initial brief to this court, plaintiff argued because defendant owed an extracontractual duty to Charles, she, on behalf of Charles' estate, could recover damages in tort. She also contended, however, that her pleadings adequately alleged a breach of contract claim with Charles as a third-party beneficiary. She cannot now change her theory of her argument by suggesting we should *only* consider the trial court's dismissal based on a negligence claim.

■ The outcome in *Neal* is relevant. Even if plaintiff had appropriately alleged Charles was an intended third-party beneficiary, she could not have successfully brought an action against defendant because of the potentially adversarial relationship between an executor's interest in administering the estate and the interests of the beneficiaries of the estate. Defendant's primary duty was to Charles as executor of the estate and not to the beneficiaries of the estate, including Charles. If defendant's primary duty was to the beneficiaries, plaintiff had to explicitly include facts to that effect.

Plaintiff finally argues even if her pleading did not fully establish a third-party beneficiary claim against defendant, her pleadings should have been liberally construed and her action should have been permitted to continue. She argues because her pleadings, if liberally construed, adequately informed defendant of what he was being accused, they should have been allowed to stand. She cites *Middleton* 127 Ill. App. 3d at 892, 468 N.E.2d at 1338) as support.

In ruling on a motion to dismiss, a court is to interpret the allegations of the complaint in light most favorable to the nonmoving party. *McGrath v. Fahey* (1988), 126 Ill. 2d 78, 90, 533 N.E.2d 806, 811.) The court must accept as true all well-pleaded factual matters in the complaint and all reasonable inferences to be drawn therefrom. However, it need not accept conclusions of law, argumentative matter, or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. *Kennedy v. First National Bank* (1990), 94 Ill. App. 3d 1004, 1009, 551 N.E.2d 1002, 1005.

Plaintiff's amended complaint does not allege facts necessary to have permitted her claim based on negligence to succeed. The amended complaint did not allege defendant owed Charles, as a third-party beneficiary, a duty which was breached.

### III. Breach Of Contract Claim Fails

#### A. *Third-Party Beneficiary Contract Not Alleged*

■ Although plaintiff's one-count complaint is drawn under a negligence theory, she argues the court should have inferred defend-

ant owed Charles, as a beneficiary of the estate, duties which he breached. Defendant contends plaintiff did not properly allege a third-party beneficiary breach of contract in her amended complaint. To do so, defendant correctly notes, she had to allege the purpose of the contract was to benefit Charles as a beneficiary of Alexander's estate and a term of that contract was breached. *Pelham*, 92 Ill. 2d at 17-18, 440 N.E.2d at 98.

Plaintiff characterizes the contract between Charles, as executor, and defendant as one to benefit all beneficiaries of Alexander's estate. She relies on an alleged implicit covenant by an attorney representing an executor so that the executor fulfills his own duty, which is to prevent dissipation of the estate assets. Defendant breached this duty because property of the estate was dissipated when the estate paid excessive and unnecessary taxes. This dissipation injured all beneficiaries of the will. These allegations, however, *were not* included in plaintiff's amended complaint.

The *Pelham* court found plaintiff's amended complaint failed to state a cause of action for breach of contract. It reasoned the "amended complaint fails to allege, legally or factually, that a contract was entered into for the direct benefit of the plaintiffs, which is an indispensable element of a third-party beneficiary theory of recovery." (*Pelham*, 92 Ill. 2d at 17-18, 440 N.E.2d at 98.) Plaintiff neglected to include this necessary allegation.

### B. *Plaintiff's Inadequate Pleadings Preclude Proceeding*

Plaintiff also argues the dismissal should be vacated and the case decided on its merits rather than on procedural technicalities. She relies on *Summar v. Indiana Harbor Belt R.R. Co.* (1986), 147 Ill. App. 3d 851, 515 N.E.2d 130, as support. She also directs us to *Village of Pawnee v. Knostman* (1983), 115 Ill. App. 3d 842, 450 N.E.2d 1272, in which this court granted a party leave to amend on remand. Plaintiff notes in *Village of Pawnee*, this court indicated "justice would not be served by affirming a dismissal of a judgment against a party on the basis of a pleading defect which could be remedied by amendment." *Village of Pawnee*, 115 Ill. App. 3d at 854-55, 450 N.E.2d at 1281.

We note the court's observation in *Village of Pawnee* was not a controlling factor. Moreover, in that case this court concluded plaintiff's pleadings sufficiently stated a cause of action for a breach of contract. *Village of Pawnee*, 115 Ill. App. 3d at 854, 450 N.E.2d at 1281.

Plaintiff was provided an opportunity to amend her pleadings to properly state a cause of action against defendant. She failed to sufficiently allege any recognized cause of action against defendant. Her complaint did not allege facts to support a third-party beneficiary claim based on negligence. Her failure to allege that the contract between Charles and defendant was entered into for Charles' direct benefit as a beneficiary also defeats her third-party beneficiary breach of contract claim. The trial court did not err by dismissing her claims based on both theories.

Affirmed.

McCULLOUGH, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent and would reverse the order dismissing the complaint for failure to state a cause of action.

The majority recognizes an exception to the rule that economic losses cannot be recovered in legal malpractice negligence actions, i.e., since *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, the Illinois Supreme Court has allowed such recovery where the attorney defendant owed some extracontractual duty to the injured party. See *2314 Lincoln Park West Condominium Association v. Mann, Gin, Ebel & Frazier, Ltd.* (1990), 136 Ill. 2d 302, 317-18, 555 N.E.2d 346, 353, citing *McLane*, 131 Ill. 2d 509, 546 N.E.2d 499 (recovery allowed where nonclients showed they were intended beneficiaries of the attorney-client relationship); *Ogle*, 102 Ill. 2d 356, 466 N.E.2d 224.

Plaintiff sought to fit herself within that exception here, but in the view of the majority, plaintiff failed to adequately allege that the relationship between Charles Rutkoski and the attorney defendant was primarily for the benefit of Charles as a beneficiary of the estate. Charles was executor of the estate of his brother, Alexander Rutkoski, and also a beneficiary of Alexander's estate. The majority notes that the primary duty of the attorney for an estate usually is to the executor of the estate, not to the beneficiaries.

The complaint alleges that defendant "undertook the performance of legal services for Charles Rutkoski" regarding the handling of the estate of Alexander Rutkoski, that Charles was the executor and a beneficiary of that estate, that defendant breached his duty by failing to make an election under section 2032(a) of the Internal Revenue Code of 1939 (26 U.S.C. §2032(a) (1988)), and that as a result of

defendant's negligence "Charles Rutkoski suffered damage for the reason that his share, as a beneficiary of the estate, was reduced." The complaint does not specify whether defendant breached a duty to Charles as beneficiary or as executor, but it does allege the damages suffered by Charles were in his role as beneficiary. The complaint does not allege that defendant's representation was primarily intended to benefit Charles as a beneficiary, but such an allegation would be a conclusion anyway.

A trial court should dismiss a cause of action on the pleadings only if it is clearly apparent that no set of facts can be proved which will entitle a plaintiff to recover. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504, 565 N.E.2d 654, 657; *Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 473, 564 N.E.2d 1222, 1230; *Ogle*, 102 Ill. 2d at 360-61, 466 N.E.2d at 226 (count against attorney who drafted will adequately stated third-party beneficiary/ breach of contract theory); *cf. In re Beatty* (1987), 118 Ill. 2d 489, 499, 517 N.E.2d 1065, 1070 ("While a pleading will not be held to be bad in substance if it contains sufficient information as will reasonably inform a defendant of what he must defend against, that liberality of pleading will not relieve the necessity that a complaint contain sufficient, factual averments and set out every fact essential to be proved"); *Pelham*, 92 Ill. 2d 13, 440 N.E.2d 96 (dismissal of complaint for failure to state cause of action for attorney malpractice affirmed where complaint did not allege sufficient facts to prove primary purpose of attorney-client relationship was to benefit third party); see also R. Michael, Illinois Practice §§23.1, 23.3, 27.4 (1989).) In *Meerbrey*, false arrest and imprisonment counts which the trial court had dismissed for failure to sufficiently allege defendant was acting without reasonable cause were held sufficient on appeal, "[i]n view of the statutory directive in section 2—603 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—603(c)) that '[p]leadings shall be liberally construed with a view to doing substantial justice between the parties.'" *Meerbrey*, 139 Ill. 2d at 474, 564 N.E.2d at 1231.

Although the generally accepted rule is that an attorney *drawing a will* can be held liable for negligence by the intended beneficiary, an attorney *representing the executor* of an estate is generally held to have a duty only to that person, not to beneficiaries of the estate with whom he was not in privity. The reason for the latter rule is that the representative of an estate must be neutral and should not favor the interests of any claimants to the estate, whether an heir, a claimed beneficiary or a creditor. (2 Mallen & Smith, Legal Malpractice §§26.4, 26.5 (3d ed. 1989).) If an attorney for an executor could never

have a duty to a beneficiary of the estate, then I would agree with the majority that this case was properly dismissed on the pleadings. I do not read the majority opinion to say that, however, and believe that in a proper case such a duty can exist. In *Neal v. Baker* (1990), 194 Ill. App. 3d 485, 551 N.E.2d 704, where a beneficiary's complaint against the executor's attorney was dismissed, there appeared to be a conflict between the plaintiff and other claimants. In some estates there may be no potential conflicts. There may be only one beneficiary, the potential heirs may be the beneficiaries, and there may be no creditors. In such cases the situation may be similar to that recognized in drafting a will, where the attorney's mistakes most often harm not the client, but third parties. Even if some conflicts are possible here the issue before the court does not involve a conflict among estate claimants: an attorney for an executor always has a duty to prevent dissipation of the estate. Before this court's opinion in *Collins*, the rights of third parties could be protected by a negligence action brought against the attorney by the executor. Since *Collins*, such an action in many cases is no longer possible and increased protection of third parties to whom the attorney owed an extracontractual duty may be necessary. In *Neal*, plaintiff could have sued the executor, who might have filed an action over against the attorney. Since this court's decision in *Collins*, that is usually not possible.

When an executor employs an attorney, he certainly intends some benefit for the beneficiaries of the estate. The executor may be more concerned that his improper performance would expose him to liability, but it is difficult to say an executor's selfish concerns are greater than his concerns for a beneficiary, especially where the executor and the beneficiary are the same person. Assuming the exception for extracontractual duties is measured by whether the plaintiff would qualify as a third-party beneficiary in a contract action, it should be noted that beneficiaries of an estate are more than "incidental" beneficiaries as that term is used in the Restatement (Second) of Contracts §302 (1981).

The majority opinion in essence tells this plaintiff "we know what you are trying to say, but you haven't said it." Much time is wasted in the trial courts attempting to determine whether what is said in one complaint could be better said in another. If plaintiff could never state a cause of action, then the case should be dismissed on the pleadings. If plaintiff can state a cause of action but uses imperfect language to do so, the case should proceed to discovery where defendant will be able to find out, not just the details of what plaintiff has alleged, but whether those allegations have any basis in reality. In most cases a

motion for summary judgment is a better way of weeding out merit-less cases than is a motion to dismiss.

Because it is not clearly apparent that no set of facts could be proved which would entitle plaintiff to recover, I would reverse the order of the trial court dismissing this complaint for failure to state a cause of action. A liberal view of the pleadings is especially appropriate where the state of the law is unclear. (*Hagney v. Lopeman* (1992), 147 Ill. 2d 458, 466, 590 N.E.2d 466, 470.) I believe this is such a case; the notice of appeal was filed in this case on October 29, 1991, just before a divided supreme court ruled on the appeal of this court's opinion in *Collins* and before that court granted rehearing. At the very least this case should be remanded to give plaintiff an opportunity to amend.