292 N.J. Super. 258 (1995)
678 A.2d 767
JERRY A. BARNER, DONALD BARNER, JOAN SADLER, INDIVIDUALLY, AND JOAN SADLER, AS EXECUTRIX FOR THE ESTATE OF ELEANOR BARNER, PLAINTIFFS,
v.
ROBERT L. SHELDON, ESQ., DEFENDANT.
Superior Court of New Jersey, Law Division Union County Civil Action.
Decided May 3, 1995.
*259 Stuart Pobereskin, ESQ., for plaintiffs (Margolis, Meshwam & Pobereskin, P.C., attorneys; Stuart Pobereskin, on the brief).
Diane M. Acciavatti, ESQ., for defendant Robert L. Sheldon, Esq. (Voorhees & Acciavatti, attorneys; Diane M. Acciavatti, on the brief).
*260 MENZA, J.S.C.
Defendant moves in limine to dismiss plaintiffs' complaint on the basis that the defendant owed no duty to the plaintiffs.
This is a legal malpractice case. The defendant, an attorney, prepared a will for the decedent, Jerry Barner, in which he left his business equally to his three children, the plaintiffs in this case. He left the residuary of his estate equally to his three children and his wife, Eleanor Barner. The parties agree that Jerry Barner did not wish to leave any part of his estate to his wife, and that he did so only after being advised by the defendant that the decedent's wife could make an election to take against the will. According to the defendant, the decedent provided for potential estate taxes by acquiring a life insurance policy payable to the business. The defendant's secretary was named in the will as executrix of the estate.
Jerry Barner died on September 7, 1983 and the executrix appointed the defendant as attorney for the estate. As part of his legal representation, the defendant filed a federal tax return on behalf of the estate. The tax obligation under this return was $80,589.00. Mrs. Barner died testate on June 25, 1985, and left her entire estate to the plaintiffs.
Plaintiffs allege that the defendant had a duty to inform them that they had a right to disclaim their share of their father's estate (N.J.S.A. 3B:9-1 et seq.) in favor of their mother, which would have resulted in either an avoidance or diminution of federal estate taxes. The plaintiffs also contend that if they had disclaimed, their mother would have given each of them a tax free gift of $10,000 during her lifetime. Thus, plaintiffs contend that defendant's failure to advise them of their right to disclaim was negligent and they now seek damages for the amount of taxes that they claim the estate needlessly paid.
The defendant admits that he did not advise the plaintiffs to disclaim their share of the estate, but he contends that he had no *261 duty to do so because he represented the estate, not its beneficiaries.
The concept of duty is premised on what reasonable persons recognize as fair.
No better general statement can be made than that the courts will find a duty where, in general, reasonable persons would recognize it and agree that it exists. Prosser and Keaton on Torts, 5th Ed. Sec. p. 359.
Whether a duty exists is ultimately a question of fairness. The inquiry involves a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution. Goldberg v. Housing Auth. of Newark, 38 N.J. 578, 583, 186 A.2d 291 (1962).
Plaintiffs argue that this is a classic case for the imposition of a duty because the plaintiffs' interests were the same as that of the estate and that it was only the plaintiffs who could be harmed by the improper administration of the estate. They argue that fairness dictates the imposition of a duty upon the defendant.
Defendant concedes that in certain situations, based either on concepts of equity or on public policy, a court could and should impose a duty upon an attorney to third persons. He maintains that this case, however, is not one of them. He argues that the plaintiffs' positions are adverse to that of the estate in that a disclaimer would be violative of the testator's intent that his children be the beneficiaries of his business and the bulk of his estate. Plaintiffs respond that the testators' ultimate intent was not to give his children assets burdened by a severe tax obligation and that if the defendant had advised Jerry Barner of the tax consequences of his will, he would have given a greater share of his estate to his wife, who then would have left her estate to her three children (which she in fact did), the result being that the children would get all of Jerry Barner's estate without tax liabilities.
Our courts have made it clear that duty is not always dependant upon a direct relationship between the parties and that a duty may be imposed on an attorney, where fairness and common sense dictate such a duty, even when privity is lacking. In the case of Rosenblum v. Adler, 93 N.J. 324, 461 A.2d 138 *262 (1983), the Supreme Court held that an independent auditor had a duty to all those whom the auditor could reasonably foresee would be recipients of the financial statement it prepared for a particular corporation.
It stated:
Recovery of economic loss, due to negligent misrepresentation by one furnishing a service, has long been permitted when there existed a direct contractual relationship between the parties or when the injured third party was a known beneficiary of the defendant's undertaking. (Id. at 334, 335, 461 A.2d 138).
In Albright v. Burns, the court held that an attorney for both the debtor/execution of the estate and for the estate itself owed a duty to the testator to inform the testator that the debtor/executrix was depleting the main assets of the estate. The court noted that the defendant attorney "should have been aware of the conflict in representing the estate and its principal debtor," and found that the attorney had a duty to protect the property of the testator under the circumstances.
In Albright v. Burns, 206 N.J. Super. 625, 503 A.2d 386 (App. Div. 1986) the court allowed an action to be brought against an attorney for negligence in dealing with the Testator's assets:
[A] member of the bar owes a fiduciary duty to persons, though not strictly clients, who he knows or should know rely on him in his professional capacity.... We think it follows that privity should not be required between the attorney and one harmed by his breach of duty where the attorney had reason to foresee specific harm which occurred. Id. at 633, 503 A.2d 386.
The court quoted with approval the case of Donald v. Garry, 97 Cal. Rptr. 191, 19 Cal. App.3d 769 (1971) in which the court had stated:
The determination of whether the duty undertaken by an attorney extends to a third person not in privity "involves the balance of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." (Biakanja v. Irving, 49 Cal.2d 647, 650, 320 P.2d 16, 65 A.L.R.2d 1358 (1958);
And in R.J. Longo Const. Co. v. Schragger, 218 N.J. Super. 206, 527 A.2d 480 (App.Div. 1987) the court, holding that a township *263 attorney who prepared bidding contracts could be liable in negligence to the successful bidder, stated:
As a general rule, the attorney's duty of care springs from the hiring contract and only parties in privity are owed a duty. However, the need to establish privity by third parties in claims against a professional, such as an attorney, or indeed in the field of tort liability, may have outlived its usefulness. Id. at 208-209, 527 A.2d 480.
........
[E]ven absent an attorney-client relationship, an attorney "owes a fiduciary duty to persons, though not strictly clients, who he knows or should know rely on him in his professional capacity." Id.

Relying on cases in other jurisdictions, the court suggested factors to be considered in determining whether a duty should be imposed:
We have considered such factors as: (1) the extent to which [a provision in the contract] was intended to affect the plaintiff; (2) the foreseeability of reliance by the plaintiff and the harm it could thereby suffer; (3) the degree of certainty that plaintiff has been harmed; and 4) the need from a public policy standpoint of preventing future harm without unduly burdening the profession. See Lucas v. Hamm, 56 Cal.2d 583, 15 Cal. Rptr. 821, 364 P.2d 685, 687-688 (1961), cert. denied, 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962); Guy v. Liederbach, 279 Pa.Super. 543, 421 A.2d 333, 335 (1980), affirmed in part and reversed in part, 459 A.2d 744, 501 Pa. 47 (1983).
And in a N.J. Federal District Court case, Rathblatt v. Levin, 697 F. Supp. 817 (D.N.J 1988) the federal court concluded that under New Jersey law, a beneficiary under a will may sue an attorney for negligence in the preparation of the will where such negligence caused the beneficiary to deplete the estates' assets in defending a contest to the will.
There is no New Jersey case which has addressed the question of whether an attorney owes a duty to the beneficiaries of an estate, but there are cases in other jurisdictions which are somewhat similar and helpful in answering the question. In Jewish Hosp. v. Boatmen's Nat. Bank, 261 Ill. App.3d 750, 199 Ill.Dec. 276, 633 N.E.2d 1267 (1994), an Illinois court was faced with the question of whether an attorney has a duty to advise the beneficiaries of a will of tax consequences and possible remedies for avoiding those consequences. The Court answered that, in the *264 context of the factual pattern submitted to it, the attorney had no such duty.
It stated:
Even though beneficiaries of a decedent's estate are intended to benefit from the estate, an attorney for an estate cannot be held to a duty to a beneficiary of an estate, due to the potentially adversarial relationship between the estate's interest in administering the estate and the interests of the beneficiaries of the estate. Id. at 286-287, 633 N.E.2d at 1277-1278.
........
In the case sub judice, the plaintiffs claim that Jennings was negligent in not attempting to reform the will in time. However, in order to reform the will in order to avoid the tax liability, Jennings would have had to convince the beneficiary, the testator's sister, to renounce some if not all of her benefits, so that the trust went exclusively to the charity. An attorney hired to assist in administering the estate should not be under a duty to persuade devisees and legatees to renounce their share of the estate in order to save taxes. [emphasis added] (Id. at 287, 633 N.E.2d at 1278).
Similarly, in Neal v. Baker, 194 Ill. App.3d 485, 141 Ill.Dec. 517, 551 N.E.2d 704 (1990), the court addressed the issue of whether an attorney for the executor of an estate owes a duty to the beneficiaries of the estate. The court stated that although an attorney may owe a duty to a beneficiary as the intended beneficiary of the relationship between the client and the attorney, the executor owed no duty to the beneficiary because the beneficiary was adversarial to the estate itself.
It is obvious that defendant could not have been hired with the intent to directly benefit Anna Neal (the beneficiary) when the adversarial nature of the relationship between Anna Neal and the attorney becomes evident. In this case, for example, Anna Neal contested the defendant's position that she should pay the inheritance tax as opposed to the estate. In such a situation, which is not uncommon in administering estates, the beneficiary becomes the opposing party in an adversarial forum. Id. at 519, 551 N.E.2d at 706.
In Rutkoski v. Hollis, 235 Ill. App.3d 744, 175 Ill.Dec. 826, 600 N.E.2d 1284 (1992), the beneficiary of an estate brought an action against the estate's attorney, alleging that she suffered damages because the estate paid excessive or unnecessary taxes due to the attorney's negligence. The Illinois Appellate Court, citing Neal as authority, dismissed the suit holding that a legal malpractice case could not be based on an attorney's breach of duty to the *265 beneficiaries of the estate, where the attorney's primary duty was to the executor of the estate, not the beneficiaries. It stated:
Even if plaintiff had appropriately alleged Charles (the executor-beneficiary) was an intended third-party beneficiary, [Charles' wife] could not have successfully brought an action against defendant because of the potentially adversarial relationship between an executor's interest in administering the estate and the interests of the beneficiaries of the estate. Defendant's primary duty was to Charles as executor of the estate and not to the beneficiaries of the estate, including Charles. If defendant's primary duty was to the beneficiaries, plaintiff had to explicitly include facts to that effect.
In a New York case, Kramer v. Belfi, 106 A.D.2d 615, 482 N.Y.S.2d 898 (2nd Dept., 1984) the court held that attorneys who were retained by the executor were not liable to the beneficiaries for failure to advise the executor to renounce a trust created in the will of the deceased wife.
It stated:
Defendants were retained by the executor only and are not liable to the beneficiaries of the decedents' estates in the absence of fraud, collusion, or malice, none of which is alleged here (citing other New York cases as authority). Id. at 900.
An executor is bound to observe the directions of the testator's will:
"The will of the testator ... is a law to the executors ... any deviation from such authority is illegal, and at their own risk. The executors are bound to observe this direction of the will. The wisdom of the direction is not for their consideration." Dickerson v. Camden Trust Co., 140 N.J. Eq. 34-44, 53 A.2d 225 (Ch. 1947)
... and has an obligation to administer the estate properly and in accordance with the will of the testator:
A personal representative is under a duty to settle and distribute the estate of the decedent in accordance with the terms of any probated and effective will and applicable law, and as expeditiously and efficiently as is consistent with the best interests of the estate. He shall use the authority conferred upon him by law, the terms of the will, if any, and any order in proceedings to which he is a party for the best interests of successors to the estate. N.J.S.A. 3B:10-23.
An attorney's client is the executor of the estate, not the estate itself.
When an attorney is employed to render services in procuring admission of a will to probate or in settling the estate, he acts as attorney of the executor, and not of the estate and for his services the executor is personally responsible.

*266 It would be very dangerous to conclude that the attorney, through performance of his service to the administrator and by way of communication to estate beneficiaries, subjects himself to claims of negligence from the beneficiaries. The beneficiaries are entitled to even-handed and fair administration by the fiduciary. They are not owed a duty directly by the fiduciary's attorney. In Ogieis [Ogier's] Estate, 101 Cal. 381, 35 P. 900 (1894).
A review of the case law demonstrates that there may be situations where a duty to the beneficiary should be impressed on the attorney, such as when the attorney undertakes a duty, or in an egregious situation  in other words in limited situations. It is also clear that if a beneficiary's interest is adversarial to the interest of the estate and contrary to the will of the testator, then no such duty shall be imposed upon the attorney. In this case, the testator's will and wisdom was to leave his business and the great bulk of his property to his three children. He did not wish to leave it to his wife. That's what he did and that's what was effectuated.
Plaintiff's argument that if the decedent had known of the tax consequences of his bequest to his children, he would have left his estate to his wife, and not to his children, is lacking in reason and common sense. Adopting the plaintiff's scenario would require this court to assume that the decedent would have consented to being wholly dependent upon his wife (with whom he apparently did not get along) to will all of his property to the three children, for the sole purpose of saving on taxes, a contingency for which he had anyway provided when he purchased the life insurance policy. The court can make no such assumption. The position of the plaintiffs that they should have been told to disclaim is also obviously contrary to the will of the testator and adversarial to his intention.
Lastly, it is to be noted that the Appellate Division in an unreported decision in a prior probate litigation in this case made it clear that the defendant had no duty to the plaintiff beneficiaries to advise them to disclaim.
We do not reach the other issues in this case.... However, we know of no authority for the broad proposition urged by appellants that an executrix must apprise beneficiaries of the tax consequences of a gift. Such an open-ended *267 responsibility might well paralyze the administration of an estate. Other alternatives exist to protect legatees and devisees. They can, for example, retain an accountant or an attorney to assist them. Despite our reservations concerning the efficacy of appellants arguments on this and the other issues in the case, we will not resolve them here.... In the Matter of the Estate of Jerry M. Barner, No. A-3100-90T5 (App.Div., 1992).
Defendant's motion is granted and plaintiffs' claims are dismissed.