292 N.J. Super. 157 (1996)
678 A.2d 717
JERRY A. BARNER, DONALD BARNER, JOAN SADLER, INDIVIDUALLY, AND JOAN SADLER AS EXECUTRIX OF THE ESTATE OF ELEANOR BARNER, PLAINTIFFS-APPELLANTS, CROSS-RESPONDENTS,
v.
ROBERT SHELDON, DEFENDANT-RESPONDENT, CROSS-APPELLANT, AND AURORA VEDIN PITCHELL, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 21, 1996.
Decided June 27, 1996.
Before Judges PRESSLER, KEEFE and WEFING.
Margolis, Meshulam & Pobereskin, attorneys for appellants/cross-respondents (Martin Margolis and Marlo Hittman, on the brief).
*158 Voorhees & Acciavatti, attorneys for respondent/cross-appellant (Diane Acciavatti, of counsel and on the brief).
PER CURIAM.
Plaintiffs Jerry A. Barner, Donald Barner and Joan Sadler, individually and as Executrix of the Estate of Eleanor Barner, instituted suit against defendant Robert Sheldon for legal malpractice on the theory that, as the attorney hired by the Executrix for their father's estate, Sheldon negligently failed to advise plaintiffs to disclaim their inheritance under the will. They claim that such course of action would have saved more than $80,000 in estate taxes. Summary judgment was entered in favor of Sheldon and plaintiff's appeal.
We hold that the Law Division did not err in finding defendant had no duty to inform the beneficiaries of the tax consequences of their failure to disclaim under these circumstances. The testator's intent, conceded by plaintiffs, was to minimize benefits to this wife by his will. Had plaintiffs, the testator's children, disclaimed, the testator's wife would have benefitted. This would have been contrary to the testator's intent. Accordingly, we affirm substantially for the reasons stated by Judge Menza whose opinion is reported at 292 N.J. Super. 258, 678 A.2d 767 (Law Div. 1995). In view of our determination, we need not decide the issue presented by defendant on his cross-appeal.
Affirmed.