218 N.J. Super. 206 (1987)
527 A.2d 480
R.J. LONGO CONSTRUCTION CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BRUCE M. SCHRAGGER, ESQ., AND SCHRAGGER, SCHRAGGER & LAVINE, A PROFESSIONAL CORPORATION, JOINTLY AND SEVERALLY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1987.
Decided June 3, 1987.
*207 Before Judges J.H. COLEMAN, R.S. COHEN and GRUCCIO.
William A. Feldman argued the cause for appellant (Feldman, Feldman, Hoffmann & Fiorello, attorneys; William A. Feldman of counsel; William A. Feldman and Peggy M. O'Dowd on the brief).
Kevin E. Wolff argued the cause for respondents (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys; Kevin E. Wolff on the brief).
The opinion of the court was delivered by COLEMAN, J.H., J.A.D.
The critical issue raised in this appeal is whether an attorney for a municipality who prepares contract documents to be used by the public in the bidding process for construction of a sewer facility may be held liable to the successful bidder for economic losses due to the negligent failure adequately to draft the contract or for the negligent failure to obtain easement rights of way on behalf of the municipality.
The Township of West Windsor (Township) requested public bids for constructing a sewerage facility. Defendants, as attorneys for the Township, prepared the contract documents used in the bidding process. After plaintiff's bid was accepted, defendants drafted the contract. Plaintiff began the construction work after the Township notified it to proceed. Plaintiff ran into a problem when the Township failed to obtain the *208 necessary easement rights of way for the sewer system. Plaintiff instituted the present action against the defendants alleging, among other things, that defendants as Township attorneys negligently permitted plaintiff to begin construction work without the easements necessary for completion, contrary to explicit language in the contract. On defendants motion, the trial judge dismissed the complaint for failure to state a cause of action. Plaintiff appeals; we now reverse in part and affirm in part.
Section 28 of the contract entitled "LAND AND RIGHTS-OF-WAY" provides:
28.1 Prior of issuance of notice to proceed, the owner shall obtain all land and rights of way necessary for carrying out and for the completion of the work to be performed pursuant to the contract documents unless otherwise mutually agreed. (Emphasis added)
In discovery taken in a companion case, defendants have admitted that, as Township attorneys, they were responsible for obtaining the easements which they failed to obtain, and they allowed the Township to give notice to plaintiff to begin the work before the easements were obtained.
In dismissing the complaint for failure to state a cause of action, see R. 4:6-2, the trial judge based his decision on the failure of the complaint to allege the existence of an attorney-client relationship between plaintiff and defendants or the existence of a fiduciary relationship between plaintiff and defendants. Plaintiff argues in this appeal that defendants owed a duty to use reasonable knowledge and skill not merely to their clients, but to all persons who reasonably could have been expected to rely on them or their skills.
Ordinarily, the existence of an attorney-client relationship is an essential element of a legal malpractice claim. Tormo v. Yormark, 398 F. Supp. 1159, 1169-1173 (D.N.J. 1975). As a general rule, the attorney's duty of care springs from the hiring contract and only parties in privity are owed a duty. However, the need to establish privity by third parties in claims against a professional, such as an attorney, or indeed in the *209 field of tort liability, may have outlived its usefulness. See People Exp. Airlines, Inc. v. Consolidated Rail, 100 N.J. 246, 251-264 (1985); H. Rosenblum, Inc. v. Adler, 93 N.J. 324, 334-339 (1983); Immerman v. Ostertag, 83 N.J. Super. 364, 369-370 (Law Div. 1964), aff'd sub nom. Com. Un. Ins. Co. of N.Y. v. Thomas-Aitken Const. Co. et al., 54 N.J. 76, 81 (1969); McEvoy v. Helikson, 277 Or. 781, 562 P.2d 540 (1977); Martin v. Trevino, 578 S.W.2d 763 (Tex.Civ.App. 1978). For present purposes, however, we need not take that giant step of eliminating privity today because we find the dismissal was inappropriate under existing law. We have heretofore held that even absent an attorney-client relationship, an attorney "owes a fiduciary duty to persons, though not strictly clients, who he knows or should know rely on him in his professional capacity." Albright v. Burns, 206 N.J. Super. 625, 632-633 (App.Div. 1986).
We have considered such factors as: (1) the extent to which § 28.1 was intended to affect the plaintiff; (2) the foreseeability of reliance by the plaintiff and the harm it could thereby suffer; (3) the degree of certainty that plaintiff has been harmed; and (4) the need from a public policy standpoint of preventing future harm without unduly burdening the profession. See Lucas v. Hamm, 56 Cal.2d 583, 15 Cal. Rptr. 821, 364 P.2d 685, 687-688 (1961), cert. denied, 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962); Guy v. Liederbach, 279 Pa.Super. 543, 421 A.2d 333, 335 (1980), affirmed in part and reversed in part, 459 A.2d 744, 501 Pa. 47 (1983). See generally Weinberg v. Penns Grove Water Co., 106 N.J. 469, 484-88 (1987).
It is quite obvious that plaintiff relied reasonably upon the Township obtaining the easement rights of way. Clearly, the bid submitted by plaintiff reflected that fact. It is also obvious that plaintiff had every right to rely on the notice to proceed as a signal that the easements had been obtained. Submission of the contract to plaintiff's independent attorney in the circumstances would not have affected plaintiff's reliance on defendants because the contract price contemplated that the owner would obtain the easements. We hold therefore that § 28.1 *210 created a special fiduciary duty upon defendants subjecting them to damages for the reasonably foreseeable consequences for breaching that duty. Furthermore, § 28.1 of the contract made plaintiff, the out-of-privity prime contractor, an intended third party beneficiary of the employment contract between the Township and defendants.
Based on our limited holding, plaintiff's other claims against defendants were properly dismissed. The alleged lack of clarity or contradictions in the contract could have been resolved by consulting independent counsel. Consequently, there was no reasonable reliance upon defendants with respect to these other claims.
The order dismissing the Second Count of the complaint is reversed. In all other respects the order is affirmed. The Second Count is reinstated and the matter is remanded to the Law Division, Passaic County for disposition. We do not retain jurisdiction.