Elizabeth **RATHBLOTT**, Executrix of the Estate of Albert Rathblott, Deceased, and Elizabeth Rathblott, individually, Plaintiffs,

v.

**Jay F. LEVIN, Defendant.**

**Civ. A. No. 85–4839.**

United States District Court, D. New Jersey.

Oct. 24, 1988.

---

5. *See* discussion of WPC's exclusion of consequential damages, *supra*, pages 811–814.

818

Paul T. von Nessi, West Caldwell, N.J., for plaintiffs.

LaBrum and Doak by Steven J. Blumenthal, Woodbury, N.J., for defendant.

## OPINION

GERRY, Chief Judge.

This legal malpractice action arose out of a dispute over a will executed by the decedent, Albert Rathblott. Mr. Rathblott practiced law in New Jersey for 40 years, maintaining offices in Camden and Haddonfield. The defendant, Jay F. Levin, joined Mr. Rathblott's practice in 1973, and became a partner in 1974.

Mr. Rathblott suffered from esophageal cancer for approximately ten years before his death on October 19, 1979. He was survived by his third wife, plaintiff Elizabeth Rathblott, and two adult children by his first marriage, Paul Rathblott and Iris Rathblott Bennett. Mr. Rathblott had executed his first will in 1963. He added a codicil in 1973, which made a specific bequest of $10,000 to Elizabeth.

Mr. Rathblott entered the hospital on October 8, 1979, and remained there until his death 11 days later. During that time, Mr. Rathblott executed several wills with the aid of his partner, the defendant. The

last will, executed on October 17, was unsuccessfully challenged in New Jersey state court by Paul Rathblott and Iris Rathblott Bennett. Elizabeth Rathblott, the successful defendant in that suit, has now brought a complaint against Levin, alleging the defendant was negligent in failing to firmly establish Mr. Rathblott's testamentary capacity and free will in his last days, and negligent in not advising Mr. Rathblott that his will should recite a New Jersey domicile, rather than a Florida domicile. Plaintiff urges that this negligence caused her expenses in defending the will contest to be at least double what they should have been, with the effect of depleting her husband's estate. Defendant argues that he properly exercised that degree of reasonable knowledge and skill ordinarily possessed and exercised by attorneys in similar circumstances, and that even if he acted negligently, the beneficiary Elizabeth Rathblott was not in privity with him and cannot show that defendant caused her expenses in contesting the will to inflate.

This case was originally brought before Senior District Judge Cohen and went to trial on June 6, 1988. On June 9, plaintiff's counsel sought to introduce evidence of a conspiracy between defendant and Paul Rathblott and Iris Rathblott Bennett. Defendant immediately objected, claiming unfair surprise. The parties' inability to settle the dispute led Judge Cohen to declare a mistrial. The case was then transferred to this court.

Plaintiff and defendant both argue at length in their briefs on the issue of whether defendant's actions in drawing up the decedent's last will were negligent. Plaintiff points to facts that suggest that during his last week of life decedent was increasingly dependent and acted "in an atmosphere of chaos and confusion." Defendant points to other facts which suggest the opposite. Similarly, both sides have submitted letters from experts regarding the propriety and competence of defendant's actions. These issues of material fact preclude the issuance of summary judgment on the issue of defendant's negligence. F.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,*

477 U.S. 317, 322–23, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Nevertheless, defendant also argues that he owed no duty to any of the beneficiaries of decedent's will, particularly plaintiff's, because he was not in privity with them.

This court has jurisdiction over this case pursuant to its diversity jurisdiction. 28 U.S.C. § 1332. As such, we apply state law, in this case New Jersey law, to determine whether defendant owed a duty to the beneficiaries of his dying client. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938).

The issue of privity is a troubling one in this case, for it presents an issue not treated in any case, to our knowledge. Should an attorney who drafts a will be able to invoke lack of privity as a defense in a case where his alleged negligence did *not* cause a beneficiary to lose her rights under the will, but did cause her to spend more funds in defending a will contest than she otherwise would have? It is incumbent upon this court to review New Jersey law and predict how the New Jersey Supreme Court would rule if presented with this issue. *Lang v. New York Life Ins. Co.,* 721 F.2d 118, 119 (3d Cir.1983). In so doing, we are mindful of the admonition that "the federal court should proceed with great caution when the effect of its ruling would be to broaden the law beyond the point where any other court has yet ventured." *W.A. Wright, Inc. v. KDI Sylvan Pools, Inc.,* 746 F.2d 215, 218 (3d Cir.1984).

The question of privity in the context of attorney/beneficiary suits was first addressed in New Jersey in *Stewart v. Sbarro,* 142 N.J.Super. 581, 362 A.2d 581 (App. Div.), *cert. denied,* 72 N.J. 459, 371 A.2d 63 (1976). The negligence in that case was that of an attorney for a buyer who had failed to obtain the needed signatures to execute a mortgage, and been sued by the seller. The *Sbarro* court stated that while it was "true that generally an attorney is not liable to third persons for negligence in the performance of his professional duties ..., this rule is not all encompassing." *Id.* at 593, 362 A.2d at 588. Therefore, when "an attorney undertakes a duty to one oth-er than his client, he may be liable for damage caused by a breach of that duty to a person intended to be benefited by his performance." *Id.* Whether such a duty existed should be determined by the

> balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm.

*Id., quoting Biakanja v. Irving,* 49 Cal.2d 647, 650, 320 P.2d 16 (1958). This rule was invoked in *Albright v. Burns,* 206 N.J.Super. 625, 503 A.2d 386, 389 (App.Div.1986), to find liability on the part of attorneys who engaged in a collusive arrangement to sell some of a decedent's assets for their own purposes, thereby depriving the beneficiaries. *Id.* Finally, in *R.J. Longo Construction Co., Inc. v. Schragger,* 218 N.J. Super. 206, 527 A.2d 480 (App.Div.1987), an attorney who had negligently failed to obtain easement rights for a municipality was held liable to a successful bidder for construction of a sewer facility. The *Schragger* court simplified the test for surmounting the privity requirement through reliance:

> (1) the extent to which [the attorney/client relationship] was intended to affect the plaintiff; (2) the foreseeability of reliance by the plaintiff and the harm it could thereby suffer; (3) the degree of certainty that plaintiff has been harmed; and (4) the need from a public policy standpoint of preventing future harm without unduly burdening the profession.

*Id.* at 209, 527 A.2d at 481. The court added, in dicta, that "the need to establish privity by third parties in claims against a professional, such as an attorney, or indeed in the field of tort liability, may have outlived its usefulness." *Id.* at 208–09, 527 A.2d at 481. Nevertheless, the court forebore from taking "that giant step of eliminating privity...." *Id.*

This court will do likewise. The New Jersey Supreme Court's most recent decision which bears at all on the issue in this case is *People Express Airlines, Inc. v. Consolidated Rail Corp.*, 100 N.J. 246, 495 A.2d 107 (1985), in which the court found, as a general matter, that:

> ... a defendant owes a duty of care to take reasonable measures to avoid the risk of causing economic damages, aside from physical injury, to particular plaintiffs or plaintiffs comprising an identifiable class with respect to whom defendant knows or has reason to know are likely to suffer such damages from its conduct. A defendant failing to adhere to this duty of care may be found liable for such economic damages proximately caused by its breach of duty.

*Id.* at 263, 495 A.2d at 116. This holding in effect extended the doctrine of *Sbarro* to all cases, without substantively changing the test itself. It remains to be determined, then, whether as a matter of law, the possibility of a lengthy lawsuit over a will that ends in substantially depleting the estate is sufficiently foreseeable to serve as a foundation for a complaint by the *winner* of the will contest against the attorney who drafted the will.

Cases from other jurisdictions leave little doubt that an attorney whose negligence in drafting a will causes intended beneficiaries to lose their rights can, and should, be liable to those beneficiaries. *Biakanja v. Irving*, 49 Cal.2d 647, 320 P.2d 16 (1958); *Lucas v. Hamm*, 56 Cal.2d 583, 15 Cal. Rptr. 821, 364 P.2d 685 (1961), *cert. denied*, 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962); *Auric v. Continental Casualty Co.*, 111 Wis.2d 507, 331 N.W.2d 325 (1983); *Licata v. Spector*, 26 Conn.Supp. 378, 225 A.2d 28 (1966); *Schirmer v. Nethercutt*, 157 Wash. 172, 288 P. 265 (1930). Defendant argues that because plaintiff's case does not come strictly within the factual parameters of these cases, she has failed to establish an exception to the requirement of privity. But we are unable to see a valid legal difference between a plaintiff who loses the right to one-half of an estate and a plaintiff who loses one-half of an estate in protecting her rights. If either was caused by an attorney's negligence in drafting, that attorney should be liable.

Turning, then, to the *Schragger* factors, we think it fairly obvious that plaintiff was intended to be the beneficiary of the relation between Mr. Rathblott and defendant. The foreseeability of plaintiff's reliance and the degree of certainty of harm are matters that must await factual proof at trial. Defendant argues that the foreseeability of harm from a possible will contest is generally less than the foreseeability of harm from a beneficiary directly losing her rights. So it is. But we cannot state categorically that it is always so, and plaintiff should be given the opportunity to meet this burden of proof at trial. Similarly, defendant argues that plaintiff's damages are too speculative. But if plaintiff can show that her harm was foreseeable, a determination of damages should be possible. Plaintiff has offered expert evidence of damages and should be allowed to present it.

Finally, defendant argues that to deny summary judgment would unduly burden the profession by forcing attorneys who draft wills to be the insurers of the beneficiaries of those wills in a contest. Should the beneficiary lose, they have a cause of action against the drafting attorney for negligently depriving them of their rights. Should the beneficiary win, as here, they still can recover their expenses in defending their rights.

These concerns are altogether valid. However, the plaintiff will still bear the burden of proving negligence, causation and damages, and in this fact situation it will doubtless be more difficult to do so than in the usual negligent preparation of a will scenario. In addition, the very novelty of the facts in this case militate against the argument that to deny summary judgment will "unduly burden" the legal profession. Finally, as a matter of simple economics, plaintiffs bringing suit against attorneys in these situations already are under the onus of a deterrent: the risk of losing at trial and further depleting the estate through payment of additional legal expenses.

In conclusion, we stress that we have confined our analysis to that propounded by New Jersey courts. The abolition of privity is not undertaken by this court. The extent to which this opinion represents an expansion of the exception to the privity requirement stems wholly from the unusual facts in this case, and not from any desire to reform or recast the law. Plaintiff must still prove the substance of her allegations, but we cannot say that defendant is entitled to judgment as a matter of law. For that reason, defendant's motion for summary judgment is denied. The accompanying order has been entered.