740 A.2d 1131 (1999)
326 N.J. Super. 219
Donna ZIELINSKI and James Smethers, Plaintiffs-Appellants,
v.
PROFESSIONAL APPRAISAL ASSOCIATES,[1] Defendant-Respondent.
and
Howard N. Fosbre; Joan C. Fosbre; Jessica Mahon; Weichert Realtors, Inc; Michael Kuhn; Amc Property Evaluations, Inc., a/k/a Housemaster of America, Inc.; Estate of Wm. Fitzgerald; Chatham Savings and Loan; James Weichert, Individually and as Principal of Chatham Savings and loan association and Weichert Realtors, Inc. Defendants.
Superior Court of New Jersey, Appellate Division.
Submitted November 4, 1999.
Decided December 2, 1999.
*1133 Katz & Dougherty, for plaintiffs-appellants (George T. Dougherty, Lawrenceville, on the brief).
Cozen and O'Connor, for defendant-respondent (Thomas McKay, III, on the brief).
Before Judges STERN, WEFING and STEINBERG.
The opinion of the court was delivered by STEINBERG, J.A.D.
Plaintiffs Donna Zielinski and James Smethers appeal from the grant of summary judgment in favor of defendant Professional Appraisal Associates. We affirm.
On February 1, 1993, Zielinski made an offer to purchase a combination residential and rental property from Howard and Joan Fosbre. She hired Housemaster of America, Inc. (Housemaster) to perform a home inspection of the property. Housemaster conducted the inspection on February 2, 1993 in the presence of Zielinski and Smethers. On February 2, 1993, Housemaster gave a written report to Zielinski detailing the results of the inspection. Notwithstanding the fact that Housemaster's report noted a number of defects in the property, Zielinski, as buyer, signed the agreement of sale.[2]
The agreement of sale provided that if a home inspection revealed the presence of any structural defects or environmental contaminants, or that the electrical, plumbing, heating, sewer/septic, well, and central air-conditioning systems were not in working order or needed major replacements or repairs, the sellers would be given five calendar days to notify the buyer whether they agreed at their own expense to correct the condition. If they did not agree to correct the condition, the buyer was given the right to cancel the contract. Apparently, Zielinski agreed to consummate the transaction. It is not clear from the record whether the agreement was signed before or after Zielinski received the report. In any event, however, she was given the right to terminate the transaction within five days after signing the agreement.
On February 3, 1993, Zielinski applied for a mortgage for ninety percent of the contract price with Chatham Savings and Loan Association (Chatham). Chatham hired PAA, at Zielinski's expense, to perform an independent real estate appraisal of the property. According to Chatham, the appraisal was for its use in connection with the bank's evaluation of the property as collateral for the loan. PAA issued its appraisal report on March 18, 1993. The report identified Chatham as the client. The third paragraph of the appraisal set forth its purpose and provided as follows:
The purpose of this appraisal is to estimate the market value (emphasis added) of the subject property. The function of the appraisal is to assist the identified lender or assignee in the underwriting of the risk associated with a residential mortgage loan.
The appraisal contained a certification of the appraiser which provided, in pertinent part, as follows:
The Appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil or structures, which would render it more or less valuable. The Appraiser assumes no responsibility for such conditions, or for *1134 engineering which might be required to discover such factors.
Closing took place on April 28, 1993. According to Zielinski, although PAA's appraisal noted that the condition of the property was "average" and that "no repairs [were] needed", the property suffered from a number of noticeable substantial defects, and she filed suit against numerous parties, including PAA.
Concluding that Zielinski was not a foreseeable user of PAA's report, and that PAA was hired by Chatham, the motion judge concluded that PAA owed no legal or contractual duty to her. Because of those facts, coupled with the fact that PAA's report was an appraisal report rather than an engineering report, he granted PAA's motion for summary judgment. The motion judge was also persuaded by the fact that the Housemaster's report placed Zielinski on notice of the deficiencies in the property yet she elected to proceed to closing. Moreover, the motion judge was influenced by the fact that Zielinski never received the PAA report and could not reasonably have relied upon it.
On this appeal, plaintiffs raise the following arguments: (1) PAA is liable for "egregiously" negligent services since their interests were obviously affected; and (2) there were a number of fact sensitive issues which should have defeated the motion for summary judgment.
We agree with Zielinski that the mere fact that she had no contractual relationship with PAA does not necessarily bar her from recovery. The lack of a contractual relationship or privity does not automatically defeat a claim. As Judge Pressler noted in Ranier v. Frieman, 294 N.J.Super. 182, 188, 682 A.2d 1220 (App. Div.1996), the Supreme Court has effectively eliminated privity as a prerequisite for the imposition of liability. The existence of a duty is defined not by the contractual relationship between the parties but, rather, by consideration of foreseeability and fairness. Carter Lincoln-Mercury v. EMAR Group, 135 N.J. 182, 196, 638 A.2d 1288 (1994). Consequently, in Ranier v. Frieman, supra, we imposed upon an ophthalmologist engaged by the Department of Labor to screen an applicant for disability benefits based on poor vision the duty to the applicant to make a professionally reasonable and competent diagnosis as to his vision complaints, notwithstanding the lack of privity between the ophthalmologist and the claimant. One of the bases of that decision was our conclusion that it was foreseeable that the applicant would reasonably rely upon the skill and care of the ophthalmologist in the performance of the undertaking.
The Supreme Court has imposed a duty of care upon a professional in favor of persons who did not engage the professional. Carvalho v. Toll Bros. and Developers, 143 N.J. 565, 573-74, 675 A.2d 209 (1996)(engineering firm retained by township to prepare plans for sewer project had contractual responsibility for progress of work, and which was aware of the risk of serious injury to workers that was presented by the potential of a collapsing trench owed a duty to the workers employed by a sub-contractor to avoid the risk of injury through collapse of the trench even though the engineering firm had no contractual responsibility for the safety of the construction site); Carter Lincoln-Mercury v. EMAR Group, supra, 135 N.J. at 195-204, 638 A.2d 1288 (an insurance broker's duty to investigate through reasonable inquiry the financial soundness of the insurance carrier with which the broker intended to place insurance extends not only to the insured, but also to other claimants for whose protection the insurance was procured, including the loss-payees who were not yet identified at the time the broker placed the insurance; insurance broker may owe a duty of care not only to the insured who pays the premium and with whom the broker contracts, but also to other parties found within the zone of harm emanating from the broker's action); Petrillo v. Bachenberg, 139 N.J. 472, 487, 655 A.2d 1354 *1135 (1995)(an attorney who provided a composite report of some, but not all percolation tests performed on the property to a real estate broker, and then represented the broker as the seller in the sale of the property assumed a duty to the prospective purchaser to provide reliable information regarding the percolation tests since the attorney should have foreseen the use of the report in any attempted sale and that prospective purchasers would rely on the report in deciding whether to purchase the property); Rosenblum v. Adler, 93 N.J. 324, 352, 461 A.2d 138 (1983)(an independent auditor who furnishes an opinion with no limitation in the certificate as to whom the company may disseminate the financial statements has a duty to all whom the auditor should reasonably foresee as recipients of the statements for proper business purposes who would rely on the statements pursuant to those business purposes).
We have done the same. R.J. Longo Const. Co. v. Schragger, 218 N.J.Super. 206, 209-10, 527 A.2d 480 (App.Div. 1987)(an attorney for a municipality who prepares contract documents to be used by the public in the bidding process for construction of a sewer facility may be held liable to the successful bidder for economic losses due to the negligent failure adequately to draft the contract or for the negligent failure to obtain easement rights of way on behalf of the municipality); Albright v. Burns, 206 N.J.Super. 625, 632-33, 503 A.2d 386 (App.Div.1986)(an attorney owes a fiduciary duty to persons who, not strictly clients, he knows or should know rely on him in his professional capacity).
In all those cases the duty imposed upon the professional was consistent with the scope of his or her undertaking. Here, however, Zielinski asks us to impose a duty which is inconsistent with the scope of PAA's undertaking. PAA was engaged to render an opinion as to value to the lender, not an opinion of the condition of the premises for the benefit of the prospective purchaser. In fact, PAA clearly limited the scope of its undertaking in its report. Moreover, in all of these cases a factual issue was presented as to whether the injured party relied upon the representation of the professional. Here, Zielinski never saw the appraisal report and could not have relied upon its contents. We reject her contention that she assumed the report was favorable since the loan was approved. Under these circumstances, particularly where the actual report limited the scope of the undertaking, it would be unfair to impose liability upon the appraiser for damages due to defects in the property. Simply put, that was not within the scope of his undertaking and it is not foreseeable, particularly in light of the limitation of his undertaking, for him to foresee that a purchaser who did not see the report would seek to impose liability for defects in the property.
The determination of whether a duty exists is generally considered a matter of law to be decided by the court. Carvalho v. Toll Bros. and Developers, supra, 143 N.J. at 572, 675 A.2d 209; S.P. v. Collier High School, 319 N.J.Super. 452, 467, 725 A.2d 1142 (App.Div.1999). The foreseeability of harm is a significant consideration in the determination of a duty to exercise reasonable care. Ibid. If the foreseeability of an injured party is established, considerations of fairness and policy then govern whether the imposition of a duty is warranted. Id. at 573, 675 A.2d 209. Finally, the assessment of fairness and policy "involves identifying, weighing, and balancing several factorsthe relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution". Ibid.
Here, we conclude that considerations of foreseeability and fairness preclude the imposition of a duty. PAA was hired to perform an appraisal for the lending institution, not an engineering inspection for the purchasers. It was not foreseeable that the purchaser would, without seeing *1136 the appraisal report, rely upon the fact that PAA appraised the property in an amount sufficient to support the loan, and consider that to mean that the property was free of structural defects. In fact, had the purchaser actually seen the report, she would also have seen the disclaimer regarding structural and engineering defects. Under the circumstances, considerations of foreseeability and fairness preclude the imposition of a duty. Moreover, we reject plaintiff's contention that she was justified in assuming that the fact that her mortgage loan was approved meant that PAA found the property free of structural defects.
In essence, she contends that PAA negligently represented the condition of the property. While negligent misrepresentation is a legally sound concept, in order to recover the plaintiff must establish that he or she justifiably relied upon the representation. Rosenblum v. Adler, supra, at 352, 461 A.2d 138. Plaintiffs' reliance upon the fact of approval of the mortgage in this case is unreasonable. Had plaintiffs seen the appraisal, they would have seen the disclaimer. It would be unfair and unreasonable to subject the appraiser to liability for defects in the property when that responsibility is far beyond the scope of the undertaking set forth in the appraisal. PAA limited the scope of its undertaking and never represented otherwise to Zielinski. Accordingly, Zielinski's claimed reliance on the implication of the approval is unreasonable as a matter of law.
Affirmed.
NOTES
[1] We are advised that plaintiffs' claims against all defendants other than Professional Appraisal Associates have been resolved by way of the grant of motions to dismiss or negotiated settlements. This appeal proceeds only against the remaining defendant, Professional Appraisal Associates.
[2] Smethers' name does not appear on the agreement of sale or on the deed. His name is not on the mortgage application, and he did not sign the mortgage. Consequently, PAA challenges his standing to sue. The motion judge chose not to consider that issue in light of his grant of summary judgment. Because we affirm, coupled with the fact that the issue was never decided by the motion judge, we likewise decline to consider it. See Subcarrier Communications, Inc. v. Day, 299 N.J.Super. 634, 646, 691 A.2d 876 (App.Div. 1997) (issues not considered by the trial judge are not properly raised on appeal).