741 A.2d 605 (1999)
326 N.J. Super. 382
Lisa LENCHES-MARRERO, Plaintiff-Appellant,
v.
The LAW FIRM OF AVERNA & GARDNER, Dean M. Averna, Defendants-Respondents,
The Estate of Daniel Gavin, Defendant.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1999.
Decided December 14, 1999.
*606 Robin A. Newman, Newark, for plaintiff-appellant (Roth & Fettweis, attorneys; Thomas G. Roth, of counsel and on the brief; Ms. Newman, on the brief).
H. Frank Carpentier, Asbury Park, for defendants-respondents (Carton, Witt, Arvanitis & Bariscillo, attorneys; Mr. Carpentier, on the brief).
Before Judges LANDAU and ARNOLD.
The opinion of the court was delivered by
ARNOLD, J.S.C. (temporarily assigned).
Plaintiff Lisa Lenches-Marrero appeals from the entry of summary judgment dismissing her claims for malpractice and fraud against defendants, the law firm of Averna and Gardner and Dean M. Averna, individually (collectively, Averna). We agree with the motion judge that plaintiff had not made a sufficient showing to require jury consideration of the issue of whether Averna was representing plaintiff before the statute of limitations expired. However, we reverse and remand solely for the purpose of permitting plaintiff to take the deposition testimony of a witness and for the motion judge's determination of whether that deposition testimony would require plaintiff's case to proceed.
The material facts are as follows. In December 1992, plaintiff was employed as a Special Agent for the Federal Bureau of Investigation in San Juan, Puerto Rico. On December 11, 1992, plaintiff, while on duty, was a passenger in an FBI vehicle which was struck by another vehicle driven by Edgardo Colon Ayala. Plaintiff allegedly sustained serious injuries proximately caused by the accident. It is undisputed that the statute of limitations in Puerto Rico for personal injuries is one year.
After the accident, plaintiff spoke to her sister, a chiropractor in New Brunswick, who recommended that she retain Daniel Gavin, Esq., (Gavin) as her personal injury attorney. Plaintiff thereafter spoke to Gavin by telephone about her personal injury case on a number of occasions well within the one-year statute of limitations. According to plaintiff's deposition testimony, Gavin told her that he would handle her personal injury case on a standard one-third contingency fee basis.
Prior to the birth of plaintiff's son in October 1993, Gavin allegedly told plaintiff that a young lawyer who worked for him named Dean Averna had a lot of experience in personal injury work and would be handling the case for her. Gavin scheduled an appointment for plaintiff to meet with him and Averna on February 3, 1994. At that point, it was plaintiff's impression that Gavin had reassigned the case to Averna who Gavin allegedly represented to be an employee in his law firm. In fact, Averna was a partner in another law firm located in the same building as Gavin's office.
On or about September 21, 1993, plaintiff's treating physician forwarded by facsimile a narrative, progress notes and insurance information to Gavin. In the facsimile cover sheet addressed to Gavin, the physician requested that Gavin "forward file (narrative and progress notes and insurance information) to the attorney handling the case." On December 11, 1993, the statute of limitations expired. No complaint had been filed.
Plaintiff met with both Gavin and Averna on February 3, 1994, as scheduled. According to plaintiff's deposition testimony, Gavin took notes and asked plaintiff to draw a diagram of the accident. She testified that Gavin told her that the statute of limitations was two years. Gavin then introduced plaintiff to Averna. It is undisputed that this was the first time Averna had spoken to or had any contact with plaintiff. Plaintiff testified at her deposition that Averna told her that the applicable statute of limitations was two years, and that she did not tell Averna or Gavin *607 that she also needed assistance on a federal workers compensation matter.
According to plaintiff's deposition testimony, she obtained information relating to her case and provided it to Averna. Specifically, she alleges that on May 10, 1994, she called Ayala in Puerto Rico and obtained from him the name of his insurance company and policy number. She then called Averna and left the information which he requested in a phone message. On May 26, 1994, plaintiff forwarded to Averna additional information relating to her personal injury action. This was done from the FBI-Newark Division Office and the cover sheet contained the following: "Subject: Regarding Worker's Comp. 3rd Party suitPPR Police Report and orthopedists progress notes." In the section of the facsimile cover sheet entitled "Special Handling Instructions" the following was written: "Dean...give me a call if you need anything else..."
On October 3, 1994, Averna sent plaintiff a letter explaining that he could not represent her because his firm did not practice federal workers compensation law. Plaintiff contends that when Averna discovered that the statute of limitations had expired, he fraudulently concealed that fact in his letter of October 3, 1994, and sought to terminate the representation under the guise of his unfamiliarity with federal law.
Gavin died in January 1995. On September 11, 1996, plaintiff filed a complaint[1] against the defendants alleging malpractice and fraud. On July 13, 1998, Averna filed a motion for summary judgment. Plaintiff filed opposition and contemporaneously requested that the motion be adjourned pending the deposition of Alberta Foster, Esq., the attorney for Gavin's estate. Plaintiff had deposed Roberta Gavin, the widow of Daniel Gavin, on July 7, 1998. Foster kept an inventory of all of Gavin's cases and the attorneys to whom those cases were transferred by Gavin after he became seriously ill sometime in 1994. Plaintiff contends that prior to Roberta Gavin's deposition she did not know of the existence of Foster or her possible involvement in or knowledge of the Estate of Gavin. Plaintiff argued that Foster's documents and deposition testimony would be relevant in determining whether Gavin's file relating to plaintiff's personal injury was in fact transferred at some point to defendant Averna, and if so, when that transfer occurred.
Ruling on the motion for summary judgment, the motion judge said:
I understand. I'm going to grant this application for summary judgment. I think there are no genuine issues of material fact.
The issue is so one-sided that the defendants Averna, and Averna and Gardner the law firm, must prevail as a matter of law. This accident happened in Puerto Rico on December 11, 1992. The statute of limitations, everybody agrees, is one year. There's no proof that Averna even knew about the existence of this case until after the statute of limitations had run.
The only thing that plaintiff has is an alleged telephone call between Gavin and the plaintiff, wherein Gavin said "I'm going to refer this case to Mr. Averna." But, there's absolutely no proof that he did that. It would be speculation to find that Mr. Gavin did give the case to Averna.
I know that in this day and age, attorneys are subject to much criticism and some of it is justified. But I find it hard to believe that an attorney can be responsible for missing the statute of limitations, where there is no proof that the attorney even knew about the case until after the running of the statute. The fraud count, I think, rides with the malpractice counts. For all of those reasons, this defense application for summary judgment is granted. Thank you counselors.
*608 The issue for determination on the motion for summary judgment was whether an attorney-client relationship or a fiduciary duty existed between Averna and plaintiff prior to the expiration of the one-year statute of limitations. We agree with the motion judge that based on the evidence submitted by both parties on the motion and all legitimate inferences permissible therefrom, plaintiff had not submitted sufficient facts to justify submission of that issue to a jury. Plaintiff was required to show more that a scintilla of evidence in favor of the party resisting the motion. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995); Pressler, Current N.J. Court Rules, comment on R. 4:46-2 (2000). Here, plaintiff admitted that prior to February 3, 1994, some fifty-four days after the statute of limitations had expired, she had never met, had never spoken to, and never had any contact or communication of any kind with defendant Averna. Certainly, if defendant Averna did not know anything about plaintiff or her accident until February 3, 1994, no attorney-client relationship or fiduciary duty could have existed before the statute of limitations expired and, therefore, no duty was owed to plaintiff by defendant Averna or his firm as to her civil claim. See R.J. Longo Const. Co. v. Schragger, 218 N.J.Super. 206, 208, 527 A.2d 480 (App.Div.1987). However, if defendant Averna had accepted a referral of plaintiff's personal injury case from Gavin prior to the expiration of the statute of limitations and allowed the statute to expire without filing a complaint, then defendants could be liable to plaintiff for legal malpractice or breach of a fiduciary duty even though plaintiff had never met, had never spoken to, and never had any contact with defendant Averna before the statute of limitations expired. See DeAngelis v. Rose, 320 N.J.Super. 263, 727 A.2d 61 (App.Div.1999); Albright v. Burns, 206 N.J.Super. 625, 503 A.2d 386 (App.Div. 1986). Although Averna denied accepting such a referral, an examination of Gavin's files held by Foster might conceivably rebut that denial.
We hold that the motion court should have permitted plaintiff a brief adjournment of the motion for summary judgment in order to depose Foster and to examine her inventory of Gavin's files in light of the information learned at the deposition of Roberta Gavin. See Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 536 A.2d 237 (1988); Scott v. Salerno, 297 N.J.Super. 437, 688 A.2d 614 (App.Div.), certif. denied, 149 N.J. 409, 694 A.2d 194 (1997).
Accordingly, the order granting defendants' motion for summary judgment is reversed. The matter is remanded to the motion court to reconsider the motion after plaintiff has taken the deposition of and obtained related discovery from Foster.
We do not retain jurisdiction.
NOTES
[1] Plaintiff has settled with the Estate of Gavin.