849 A.2d 204 (2004)
369 N.J. Super. 415
Mark EDWARDS, Jr., Plaintiff,
v.
Joseph J. McBREEN, III, Joseph McBreen, Jr., Leon Rosenberg, and Mac Rose Contractors, Inc., Defendants.
Jason L. Opitz, Plaintiff,
v.
Joseph J. McBreen, III, Joseph J. McBreen, Jr., Leon Rosenberg, Mac Rose Contractors, Defendants/Third-Party Plaintiffs-Respondents, and
Mark Edwards, Jr., Defendant/Third-Party Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 2004.
Decided May 27, 2004.
*205 Stacy L. Moore, Jr. (Parker, McCay & Criscuolo, attorneys) and Steven Blader (Szaferman, Lakind, Blumstein, Blader, Lehmann & Goldshore, attorneys) argued the cause for appellant; Mr. Moore and Mr. Blader, on the briefs.[1]
Hugh A. Keffer argued the cause for respondents Joseph McBreen, III, and Joseph McBreen, Jr. (Dughi, Hewit & Palatucci, attorneys; Mr. Keffer and Gary L. Riveles, of counsel; Mr. Riveles, on the brief; Mr. Keffer, on the supplemental brief).
*206 Tricia E. Habert argued the cause for respondents Leon Rosenberg and Mac Rose Contractors, Inc. (Crawshaw, Mayfield, Turner, O'Mara, Donnelly & McBride, attorneys; Jeffrey M. Brennan, on the brief and supplemental brief).
Before Judges BRAITHWAITE, LINTNER and S.L. REISNER.
The opinion of the court was delivered by LINTNER, J.A.D.
Mark Edwards, Jr., in his capacity as defendant and third-party defendant appeals, pursuant to leave granted, from an order imposing a duty on him as a rear seat passenger to use an available seatbelt to prevent injury to front seat passenger Jason Opitz. We reverse and remand for further proceedings.
Edwards was a rear seat passenger and plaintiff Opitz was a front seat passenger in a vehicle owned by Joseph McBreen, Jr., and driven by Joseph McBreen, III (McBreen).[2] McBreen's car, which was preceding in a southeasterly direction on Bishop Street in Pemberton Township, collided with a truck owned by Mac Rose Contractors, Inc., and driven by Leon Rosenberg[3] as it exited a driveway. Edwards and Opitz filed separate suits for their injuries, naming McBreen and Rosenberg as defendants. Opitz later amended his complaint adding Edwards as a defendant, alleging that Edwards's negligent failure to wear a seatbelt caused Edwards to be thrown forward thereby severely injuring Opitz. Thereafter, thirdparty complaints were filed by both Rosenberg and McBreen seeking contribution against Edwards for Opitz's injuries. Rosenberg and McBreen also asserted affirmative defenses to Edwards's complaint, claiming that Edwards's injuries were caused by his failure to wear a seatbelt. Both suits were eventually consolidated.
On September 23, 2003, Edwards, as plaintiff, filed a motion to strike the thirdparty complaints and affirmative defenses alleging that he sustained enhanced injuries as a result of his failure to wear a seatbelt. The motion was opposed by both Rosenberg and McBreen. Edwards in his capacity as defendant and third-party defendant in the Opitz suit filed a similar motion returnable on December 5, 2003. Oral argument was held on November 21, at which time both Edwards's defense and plaintiff counsel argued their respective positions. Following argument, the motion judge stated her "tentative disposition" that she "was inclined to deny the motions." Thereafter, the judge issued a written decision stating:
Under the facts of this case, this court is satisfied that it is appropriate for a jury to determine whether an ordinary prudent person in Edwards's position would have chosen to wear a seatbelt under the circumstances then existing so as to avoid injury to others.
The jury will also have the opportunity to consider, in determining whether reasonable care was exercised, "whether the defendant ought to have foreseen, under the attending circumstances, that the natural and probable consequence of his act or omission to act would have been some injury...." Model Civil Jury Charge 5.11.
Because this court is not prepared to say that no duty exists as a matter of *207 law ... the motion [to strike] is DENIED.
Two orders were signed by the judge memorializing her decision. The first order, filed November 21, 2003, denied Edwards's motion as a plaintiff to strike defendants' claims and defenses. The second, filed on December 5, 2003, denied Edwards's motion to dismiss all claims against him as a defendant and a third-party defendant. On December 20, 2003, Edwards sought leave to appeal from the Order of December 5, pursuant to R. 2:2-4. On January 26, 2004, we granted Edwards's application for leave to appeal the order denying his motion to dismiss the claims against him in the Opitz suit.[4] Respondent briefs were submitted by Rosenberg and McBreen. A separate brief was filed on behalf of "plaintiff-respondent" Edwards, contending in part that the order of November 21 denying his motion to strike the affirmative defense that his injuries were caused by his failure to wear a seatbelt was entered in error.
We first dispose of Edwards's assertion respecting the November 21 order. Interlocutory adjudications are appealable only on leave granted pursuant to R. 2:5-6. Granting leave is within our exclusive authority as an exercise of our discretion "in the interest of justice." R. 2:2-4. It is the exclusive prerogative of this court to determine whether extraordinary circumstances are present warranting a piecemeal appeal. See, e.g., Fu v. Fu, 309 N.J.Super. 435, 439-40, 707 A.2d 473 (App.Div.1998), rev'd on other grounds, 160 N.J. 108, 733 A.2d 1133 (1999); Hallowell v. Am. Honda Motor Co., 297 N.J.Super. 314, 318, 688 A.2d 110 (App.Div.1997); DeFelice v. Beall, 274 N.J.Super. 592, 595 n. 1, 644 A.2d 1136 (App.Div.), certif. denied, 138 N.J. 268, 649 A.2d 1288 (1994); Kurzman v. Appicie, 273 N.J.Super. 189, 191-92, 641 A.2d 566 (App.Div.1994); Procanik v. Cillo, 226 N.J.Super. 132, 143 n. 4, 543 A.2d 985 (App.Div.), certif. denied, 113 N.J. 357, 550 A.2d 466 (1988); DiMarino v. Wishkin, 195 N.J.Super. 390, 395-96, 479 A.2d 444 (App.Div.1984).
Edwards as plaintiff sought to bypass these procedures by incorporating an appeal from the November 21, 2003, order in his respondent brief. Our calendar is not subject to a party's whim or an attempt to avoid the necessity of a formal motion by boot strapping an issue not presented in an application for leave to appeal dealing with a different, albeit related, issue. At oral argument on appeal, respondent counsel for Edwards, for the first time sought leave to appeal, nunc pro tunc, from the November 21 order, after we pointed out that a formal motion had neither been filed nor granted. We need not decide respondent's belated motion now because had Edwards, as plaintiff, moved pursuant to rule for leave to appeal from the November 21 order, we would have denied the application.
We next address the merits of the motion for leave that is properly before us. On appeal, Edwards contends that there is no duty on the part of a rear seat passenger to wear a seatbelt to prevent injury to a third person occupying the same vehicle. He argues that to impose such a duty would "extend the concept of duty beyond all reasonable and fair bounds, in contradiction of public policy." Secondly, Edwards maintains that the judge improperly left the determination to the jury of whether *208 to impose a duty. We consider these contentions in reverse order.
Generally, under the circumstances present, whether Edwards owed a duty to Opitz and, if so, the extent of that duty is a question of law to be decided by the court. Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 502, 694 A.2d 1017 (1997); Carvalho v. Toll Bros. & Developers, 143 N.J. 565, 572, 675 A.2d 209 (1996); La Russa v. Four Points at Sheraton Hotel, 360 N.J.Super. 156, 160, 821 A.2d 1168 (App.Div.2003); Zielinski v. Prof'l Appraisal Assocs., 326 N.J.Super. 219, 226, 740 A.2d 1131 (App.Div.1999); S.P. v. Collier High Sch., 319 N.J.Super. 452, 467, 725 A.2d 1142 (App.Div.1999).
Although not stated expressly, we are satisfied from a reading of her written decision that the judge indeed determined, as a matter of law, that a rear seat passenger had a duty to exercise reasonable care to prevent injury to a third person occupying the same vehicle by utilizing any available seatbelt. The judge merely indicated that it was up to the jury to determine under the circumstances whether Edwards's failure to buckle up was negligence under the circumstances existing at the time and a proximate cause of Opitz's injuries.
We move on to the more difficult and intriguing issuewhether on this record it was appropriate to impose such a duty. We are required to decide whether the lower court's ruling on the law was correct. Prudential Prop. Ins. v. Boylan, 307 N.J.Super. 162, 167, 704 A.2d 597 (App.Div.1998). In our jurisdiction, a jury is permitted to determine whether the evidence establishes that a failure to use an available seatbelt "contributed to producing plaintiff's damages." Waterson v. Gen. Motors Corp., 111 N.J. 238, 266, 544 A.2d 357 (1988). Our research has failed to uncover any case where a jurisdiction, whether based upon common law or statute, has extended a motor vehicle occupant's duty to wear a seatbelt beyond the extent to which that person's injury would have been avoided had the seatbelt been used. Nevertheless, failure of any other jurisdiction to address the issue does not necessarily end our inquiry. Rather, we must examine the criteria to be considered before a duty is imposed.
The "considerations of public policy and fairness" are building blocks upon which to impose a duty and formulate an applicable standard of care. Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439, 625 A.2d 1110 (1993). What is needed is a "very fact-specific and principled" analysis that leads "to solutions that properly and fairly resolve the specific case and generate intelligible and sensible rules to govern further conduct." Ibid. We are required to
engage in a rather complex analysis that weighs and balances several, related factors, including the nature of the underlying risk of harm, that is, its foreseeability and severity, the opportunity and ability to exercise care to prevent the harm, the comparative interests of, and the relationships between or among, the parties, and, ultimately, based on considerations of public policy and fairness, the societal interests in the proposed solution.
[J.S. v. R.T.H., 155 N.J. 330, 337, 714 A.2d 924 (1998) (citing Hopkins, supra, 132 N.J. at 439, 625 A.2d 1110).]
In making the determination, a court must "carefully refrain[ ] from treating questions of duty in a conclusory fashion." Hopkins, supra, 132 N.J. at 439, 625 A.2d 1110 (citations and quotations omitted).
We are struck by the complete absence of any expert reports or studies providing documentation quantifying the *209 underlying risks, including the foreseeability and severity of harm that is likely to be sustained by a front seat passenger as a result of the failure of a back seat passenger to use an available seatbelt. Moreover, defendants have not provided any data or surveys discussing the percentage of back seat adult passengers that are likely to use seatbelts today. Such empirical data is needed to analyze the societal interest, fairness, and public policy considerations that might justify the imposition of a new or extended duty. Simply put, there was insufficient information in the record to support the imposition of the subject duty. The judge mistakenly imposed the duty here in a conclusory fashion.
At oral argument, we were advised that the case is currently on the military list, R. 1:13-6, and there is discovery yet to be completed. Rosenberg and Mac Rose Construction indicated that they were in the process of obtaining expert testimony that is likely to include the results of studies and data needed to support imposition of the duty they seek.
We are satisfied that the issue presents a novel question of law that involves highly significant policy considerations, which reach far beyond this particular case. Discovery yet to be concluded may shed appreciable light on the subject. Jackson v. Muhlenberg Hosp., 53 N.J. 138, 142, 249 A.2d 65 (1969). We reverse the order imposing a duty on Edwards, as defendant, but remand for further proceedings to permit development of a fact-specific record supporting the claim that a duty should be imposed on a rear seat passenger to wear a seatbelt to prevent injury to a third person occupying the same vehicle. Only after an opportunity is given to fully develop a factual record can we prudently decide the issue, if necessary to do so. Ibid. Our remand is without prejudice to the affected parties' rights to seek interlocutory appeal or appeal as a matter of right should there be a future determination to impose the duty challenged here. We do not retain jurisdiction.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] Parker, McCay & Criscuolo represents Edwards as defendant. Szaferman, Lakind, Blumstein, Blader, Lehmann & Goldshore represents Edwards personally as plaintiff.
[2] We refer to both owner Joseph McBreen, Jr., and operator Joseph McBreen, III, as "McBreen."
[3] We refer to Leon Rosenberg and Mac Rose Contractors, Inc., as "Rosenberg."
[4] Opitz neither appeared to contest defendant Edwards's motion on December 5 nor has he responded to this appeal.