## Raysely v. Zanders

*Glenn D. McGogney*, for plaintiff.
*William A. Slotter*, for defendant PennDOT.
*Robert C. Brown Jr.*, for defendant Whitehall Township.
*Mark H. Scoblionko*, for defendant Telco Inc.

McGINLEY, *J.*, July 20, 1993—The issue before the court is whether expert testimony is necessary to prove that the defendants are negligent in having a flashing signal instead of a steady signal at an intersection.

The issue is raised by the summary judgment motions of PennDOT, Whitehall Township and Telco Inc. The pleadings are closed and discovery is complete. For the reasons set forth below, we grant the motions for summary judgment of the defendants.

Viewing the facts pleaded in the complaint as true, on June 1, 1987, at approximately 6:45 a.m., plaintiff was traveling northbound on Route 145 (MacArthur Road) near its intersection with Route 329. At the intersection, there are two lanes for Route 145 northbound travel and a left turn lane to turn west onto Route 329. In the southbound direction, there are two lanes of traffic for southbound Route 145 travel and a left hand turn lane to turn east onto Route 329. Plaintiff was attempting a left turn from Route 145 north onto

Route 329 west. While crossing the Route 145 south-bound lanes, plaintiff's vehicle collided with a Route 145 southbound vehicle driven by defendant, John Zanders.

The intersection is controlled by traffic signals which, when operating the "normal" series, provides a green light for a driver turning left from Route 329 west. However, at the time of the accident the traffic signals were in a flash mode; the signals for the northbound and southbound travel lanes of Route 145 were flashing yellow, and the signals for the turn lanes from Route 145 onto Route 329 were flashing red. Consequently, plaintiff had a flashing red light in her lane and defendant, Zanders, had a flashing yellow light. The posted speed limit on Route 145 at this intersection is 55 miles per hour.

Summary judgment may only be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). The function of the court in deciding a summary judgment motion is to determine whether, while viewing all the evidence in the light most favorable to the non-moving party, any genuine issue of fact exists. *Thorsen v. Iron and Glass Bank,* 328 Pa. Super. 135, 476 A.2d 928 (1984).

Pennsylvania law is clear that a plaintiff must present expert testimony when laymen would lack the necessary knowledge and experience to render a just and proper decision. Packel & Poulin, Pennsylvania Evidence §702.2. Expert testimony is necessary whenever the subject matter of the inquiry involves special skills and training not common to the layperson. *Storm v. Golden,* 371 Pa. Super. 368, 538 A.2d 61 (1988); see also, *Tennis v. Fedorwicz,* 140 Pa. Commw. 7, 592 A.2d 116 (1991).

The conduct of the defendants which plaintiff alleges constitutes negligence is the defendants' failure to maintain the traffic signal in a normal series mode instead of the flashing mode. To establish negligence, plaintiff must first establish what duty the defendants owed to the plaintiff for traffic control at the intersection at issue. Is the duty satisfied if the intersection is controlled by stop signs; a flashing traffic signal; or a regular traffic light? The answer to this question involves examination of various factors considered in conjunction with each other such as the sight distances of the intersection, the degree of any inclines or declines in the road surface, traffic flow, the specific layout of the intersection, and the speed limit(s) of the roadways, etc. Once these factors are evaluated, it must be determined what differences, if any, in safety would exist between having a flashing signal versus a "normal" series signal, and also how significant the differences in safety are.

Which of the characteristics of the intersection are significant in determining what control mechanism is appropriate for the intersection cannot be readily determined by a person with a common fund of knowledge. An expert is needed to assist the jury in understanding these technical factors and the differences in safety of what traffic controls are appropriate. Otherwise, the jury's determination of what duty is owed to the plaintiff would be based on mere speculation.

Having determined that an expert is needed to establish liability on the part of the defendants, we turn to the issue of whether plaintiff is permitted to present expert testimony on this issue.

The within action was initiated in 1987 and is attached for trial on September 20, 1993. By court order dated November 7, 1990, plaintiff was ordered to answer

expert interrogatories within 30 days. Plaintiff has answered defendant's expert interrogatories and they fail to address the issue of whether a flashing light was inadequate to control the intersection. Since plaintiff has had six years to obtain an expert, and has failed to do so, plaintiff is precluded from presenting any additional expert testimony.

## ORDER

Now July 20, 1993, upon consideration of the motions for summary judgment of the defendants, Commonwealth of Pennsylvania, Department of Transportation, Whitehall Township, and Telco Inc., and the briefs and oral argument of counsel, it is ordered that the motions for summary judgment of the defendants are hereby granted; and the defendants, Commonwealth of Pennsylvania, Department of Transportation, Whitehall Township, and Telco Inc., are hereby dismissed as parties to the within action for the reasons stated in the accompanying opinion.