Anthony JONES,

v.

TOYOTA MOTOR SALES, USA, INC.

No. CIV.A. 01–CV–4187.

United States District Court,
E.D. Pennsylvania.

Jan. 9, 2003.

Richard B. Wickersham Jr., Esq., Leona C. McFadden, Jacqueline Richelle Dungee,

Lavin, Coleman, O'Neill, Ricci, Finarelli & Gray, Philadelphia, PA, for defendant.

Robert Land, Philadelphia, PA, for plaintiff.

## MEMORANDUM AND ORDER

KAUFFMAN, District Judge.

Plaintiff brings this products liability action alleging that personal injuries he suffered in a work-related accident were enhanced by a defect in the towmotor manufactured by Defendant. Now before the Court is Defendant's Motion for Summary Judgment (docket no. 11), Plaintiff's Response in Opposition thereto (docket no. 12), Defendant's Reply Brief (docket no. 13), Plaintiff's Surreply Brief (docket no. 17), and Defendant's Motion Regarding Recent Precedent (docket no. 18). For the following reasons, the Court will grant Defendant's Motion for Summary Judgment.[1]

### I. *Background*

The relevant facts, viewed in the light most favorable to Plaintiff as the non-moving party, are as follows. On April 14, 1999, Plaintiff was operating a Toyota 6TB50 towmotor in the course and scope of his employment with the United States Postal Service—Bulk Mail Facility in Philadelphia, Pennsylvania. (Pl.'s Mem. of Law Contra Def. Mot. for Summ. J. ("Pl. Mem.") at 1.) Plaintiff contends that during his operation of the towmotor, it took off, spun clockwise out of control, and struck a perpendicular pole in the workplace, thus hurling him out of the machine and causing him to strike his chest against the pole. (Pl. Mem. at 1.) Plaintiff does not allege that impact of the towmotor with the pole was the result of any defect. Rather, Plaintiff contends that if the tow-

---

1. In his response to Defendant's Motion for Summary Judgment, Plaintiff states that he is withdrawing all claims except his strict liability claims.

motor had been equipped with restraints in the operator's compartment, his injuries could have been avoided. (Pl. Mem. at 4.) Thus, the sole defect which Plaintiff asserts in this products liabilities action is the lack of operator restraints. (Pl. Mem. at 1.)

Pursuant to the Scheduling Order issued by this Court on December 19, 2001 (docket no. 7), Plaintiff was required to produce all expert reports by May 1, 2002. However, in response to Defendant's Interrogatories, Plaintiff stated that he "does not expect to call any liability expert witnesses." (Mot. for Summ. J., Ex. A.) Defendant contends that because Plaintiff has failed to identify a single expert who criticizes the design or manufacture of the subject towmotor, and because without such expert testimony, Plaintiff cannot meet the burden of proof to sustain his cause of action, Defendant is entitled to judgment as a matter of law on all remaining claims.

## II. *Legal Standard*

In deciding a motion for summary judgment pursuant to Fed.R.Civ.P. 56, "the test is whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." *Medical Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir.1999) (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir.1994)). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must examine the evidence in the light most favorable to the non-moving party, and resolve all reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, "there can be 'no genuine issue as to any material fact' ... [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. *Discussion*

The basis of Defendant's Motion for Summary Judgment is that Plaintiff cannot meet his burden of proof without the presentation of expert testimony. Under Pennsylvania law, which controls in this diversity case,[2] it is clear that "a plaintiff must present expert testimony when laymen would lack the necessary knowledge and experience to render a just and proper decision." *Raysely v. Zanders*, 22 Pa. D. & C. 4th 566, 567, 1993 WL 786944 (Lehigh Co.1993).[3]

Because Plaintiff does not claim that the alleged defect in the towmotor (lack of operator restraints) caused or contributed to the machine's impact with the pole, but rather that it enhanced Plaintiff's injuries beyond that which he would have received had the towmotor been equipped with operator restraints, Plaintiff's claim falls under the crashworthiness doctrine.[4]

---

**2.** *Padillas v. Stork–Gamco, Inc.*, 186 F.3d 412, 414 (3d Cir.1999).

**3.** When the salient facts can be communicated with accuracy to a jury and the jury is as capable as an expert of understanding those facts and drawing conclusions therefrom, expert testimony is not necessary. *Padillas*, 186 F.3d at 415–16.

**4.** The Pennsylvania Superior Court has recently held that crashworthiness is not an additional theory of recovery that Plaintiff may simply elect to pursue. Rather, when the uniquely tailored doctrine applies (i.e. in those situations where the defective product did not cause the accident but served to increase the injury) an instruction on crashworthiness is required. *Colville v. Crown Equip-*

■ The Pennsylvania Supreme Court has adopted the strict products liability doctrine enunciated in Section 402A of the Restatement (Second) of Torts. *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853, 854 (1966). The crashworthiness doctrine, often characterized as a subset of products liability actions pursuant to Section 402A, provides that a manufacturer/seller is liable in situations in which the defect did not cause the accident or initial impact, but rather increased the severity of the injury over that which would have occurred absent the design defect. *Kupetz v. Deere & Co.*, 435 Pa.Super. 16, 644 A.2d 1213, 1218 (1994); *Colville*, 809 A.2d at 924. In order to prevail under this theory, a plaintiff must prove three elements: "First, the plaintiff must demonstrate that the design of the vehicle was defective and that when the design was made, an alternative, safer, practicable design existed. Second, the plaintiff must show what injuries, if any, the plaintiff would have received had the alternative safer design been used. Third, the plaintiff must prove what injuries were attributable to the defective design." *Colville*, 809 A.2d at 922–23 (internal citations omitted).

■ Plaintiff maintains that the concept of providing a belt or restraint to a bilateral open-sided machine is not beyond the comprehension of ordinary lay persons.[5] (Pl. Mem. at 3–4.) However, Plaintiff must do more than present the idea of a restraint system in order to satisfy his burden of proof. Indeed, "unlike orthodox products liability ... litigation, crashworthy or second collision cases impugning the design of a product require a highly refined and almost invariably difficult presentation of proof." *Huddell v. Levin*, 537 F.2d 726, 737 (3d Cir.1976). Without expert testimony, a jury would be left to speculate over the design features of Plaintiff's hypothetical operator restraint system, how that restraint system would have performed in a dynamic collision scenario, and whether such a restraint system would have lessened the injuries that Plaintiff would have suffered from the impact with the workplace pole. Such engineering, medical, and biomechanical analysis is not within the know-how of the ordinary layperson, and thus requires expert evidence. *Cf. Huddell*, 537 F.2d at 738 (finding that Plaintiff could not meet its burden of proof as to what injuries, if any, would have resulted if the alternative, safer head restraint design been used by merely offering testimony that the alternative design would have made the crash "survivable"); *Andrews v. City of Pittsburgh*, 41 Pa. D. & C.3d 520, 525–26, 1984 WL 2715 (Pa.Com.

---

ment Corporation, 809 A.2d 916, 924–25 (Pa.Super.2002).

**5.** In support of his position that expert evidence is not necessary, Plaintiff points to *Childs v. General Motors Corporation*, 1997 WL 611616 (E.D.Pa.1997). In *Childs*, Plaintiff's injuries were exacerbated when a passenger seat fully reclined upon impact collision, causing Plaintiff to slide under the seat belt. *Id.*, at *1. The Court stated that "the obvious safety improvement achieved by the elimination of the reclination feature does not involve complex technicalities and is not beyond the comprehension of ordinary laypersons." *Id.*, at *4. Plaintiff contends that providing a belt of restraint to a bilateral open-sided machine is no more complicated than the theory of elimination of a reclination feature of a seat back. This Court disagrees. Having the jury consider the *elimination* of a luxury feature (the recline mechanism) that is incompatible with a well known safety device (the seat belt) is very different from proposing a new safety feature (the hypothetical restraint devise for the towmotor). Indeed, in *Childs* itself, the court granted summary judgment with regard to Plaintiff's proposed alternative design (a continuous engagement between the gears) on the grounds that the expert's opinion regarding alternative design lacked particularity and failed to articulate the causation requirements necessary. *Id.*, at *5.

**278**

Pl.1984) (holding that to recover in a products liability action under the crashworthiness doctrine, expert testimony concerning improper design, safer, practical alternative design, and enhancement of harm from failure to design more safely is required).

## IV. *Conclusion*

For the foregoing reasons the Court will grant Defendant's motion for summary judgment. An appropriate Order follows.

### *ORDER*

**AND NOW**, this 9th day of January, 2003, upon consideration of Defendant's Motion for Summary Judgment (docket no. 11), Plaintiff's Response in Opposition thereto (docket no. 12), Defendant's Reply Brief (docket no. 13), Plaintiff's Surreply Brief (docket no. 17), and Defendant's Motion Regarding Recent Precedent (docket no. 18), and for the reasons stated in the accompanying Memorandum, **IT IS HEREBY ORDERED** that:

1. The Defendant's Motion for Summary Judgment is **GRANTED**.

2. Judgment is **ENTERED** in favor of Defendant

3. This case is **CLOSED** for statistical purposes.